Commonwealth *v.* Pincavitch, Appellant.

Argued September 16, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Joseph F. Keener, Jr.,* with him *Henderson, Wetherill & O'Hey,* for appellant.

*Richard A. Devlin,* Assistant District Attorney, with him *George W. Tracy,* Assistant District Attorney, and *Richard S. Lowe,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., November 10, 1965:

This is an appeal from a judgment of sentence following a verdict of guilty by a jury on charges of burglary and larceny, and the denial of motions in arrest of judgment and for a new trial.

The basis for this appeal, and the motions above recited, concerns the circumstances of appellant's arrest, which he contends was unlawful, as well as the search of his person following his arrest and the seizure of articles, all of which were offered in evidence after his pretrial application for suppression had been refused.

Under Pa. Crim. R. 2001(e)(1), the factual averments of an application for the suppression of evidence which are not specifically denied by answer are to be taken as true. Since no answer was filed in the present case the issue before us may be decided on the basis of the application which leaves no material issue of fact in dispute requiring other evidence.

The application recited that the defendant therein, Robert M. Pincavitch, was held on a charge of burglary, larceny, and receiving stolen goods in connection with a burglary at the Brown Derby Bar in Con-

shohocken, Pennsylvania, on January 2, 1965, following an arrest at 3:30 a.m. on that day on a charge of violating the Act of June 24, 1939, P. L. 872, §675.1, as amended, 18 P.S. §4675.1, a summary offense[1] prohibiting the purchase, consumption, possession or transportation of alcohol, liquor or malt or brewed beverages by a minor. The arrest on this summary offense without seeing it committed was made without a warrant and only because the arresting officer smelled the odor of alcohol on the breath of the defendant. After his arrest the defendant was searched and $36 in bills and change were removed from his possession, his clothes were taken from him and particles of glass were procured from them.

The application to suppress was dismissed without an opinion and subsequently the evidence was admitted at the trial. Its admission was justified by the trial judge, Hon. ROBERT W. HONEYMAN, on the basis that the search of defendant was legal as incidental to his lawful arrest. He found the arrest to be legal, although made without a warrant, because defendant's actions constituted a breach of the peace committed in the presence of the arresting officer, or such an act for which a borough policeman may make an arrest under Section 1125 of The Borough Code of May 14, 1927, P. L. 519, as amended, 53 P.S. §46125. This section provides that such a policeman may arrest persons for "breach of the peace, vagrancy, riotous or disorderly conduct or drunkenness, or who may be engaged in the commission of any unlawful act tending to imperil the personal security or endanger the property of the citizens, or for violating any ordinance of the borough . . ."

The undenied averments of the application fail to justify an arrest for any of the reasons assigned by

---

[1] The charge was never formally made against him.

Judge HONEYMAN. Walking on the street at three o'clock in the morning with the odor of liquor on one's breath does not constitute drunkenness, breach of the peace, vagrancy or riotous or disorderly conduct, nor does it constitute an offense committed in the officer's presence under the act forbidding minors to consume alcoholic or malt beverages.

Even if we consider the testimony given at the hearing on the application for suppression before Hon. DAVID E. GROSHENS and the testimony taken before President Judge E. ARNOLD FORREST in support of defendant's prior petition for a writ of habeas corpus, which was made part of the suppression record, we find nothing additional to justify defendant's arrest. The only additional fact deserving mention is that the police officer had learned from a passing motorist that the breaking of glass had been heard in the general area in which the officer had twice seen defendant on the street earlier that morning.[2] On investigation this officer had determined that the window in the Bankers Bar had been broken but no entry made. No felony was indicated and nothing was evident to associate defendant with the incident except his presence on the same street a block or more away from the bar.

The fact that defendant was a parolee is not a consideration. He had not been declared a parole violator and it is only parole officers who are specifically given the right to arrest parolees without a warrant for visible violations of parole. Act of August 6, 1941, P. L. 861, §27, 61 P.S. §331.27. We find no authority for general police officers to do so.

Also, the matter of defendant having a piece of concrete in his clothes is beyond consideration since it was not detected until after the arrest.

---

[2] The officer made no effort to accost or arrest defendant on these occasions.

544

The general rule is, "A peace officer may, without a warrant, arrest for a felony or for a misdemeanor committed in his presence although the right to arrest for a misdemeanor, unless conferred by statute, is restricted to misdemeanors amounting to a breach of the peace." 6 C.J.S. Arrest §6(a). This is extended to such cases where probable cause exists for believing a person has committed a felony. *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A. 2d 304 (1963), cert. denied, 375, U.S. 910, 84 S. Ct. 204, 11 L. Ed. 2d 149; but we find no authority that justifies an arrest without a warrant for a misdemeanor or summary offense committed beyond the presence of the arresting officer in the absence of a statute giving that right.

The application for the suppression and return of the items mentioned therein should have been granted. Therefore, the admission into evidence of those items was erroneous. *Mapp v. Ohio*, 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961).

The refusal of the application for suppression is reversed and such application is granted with direction to the District Attorney to return the items of defendant's property seized from him by such illegal search of his person; and it is further ordered that the judgment of sentence is reversed and a new trial is awarded.

ERVIN, P. J., and WRIGHT, J., would affirm on the opinion of the court below.