Commonwealth *v.* Shillingford, Appellant.

Argued September 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

408

*John P. Yatsko,* with him *Fitzgerald & Yatsko,* for appellant.

*Stewart J. Greenleaf,* Assistant District Attorney, with him *William T. Nicholas,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., January 8, 1975:

This is an appeal from a conviction of illegal possession of a controlled substance. For the reasons stated hereinafter we reverse the judgment of sentence and grant a new trial.

The pertinent facts reveal that on July 18, 1973, Patrolman Nicholas Borrelli, in response to a radio call, arrived at the scene of a traffic accident in Montgomery County. He observed the appellant in the driver's seat of his car which had apparently hit a parked car. When the officer asked the appellant to step out of his car and produce his license, the officer observed that the appellant had difficulty in maintaining his balance, that his eyes were "red and glassy", and that he had the odor of alcohol on his breath. After noting from the license

that the appellant was 20 years old, the officer placed him under arrest for a violation of Section 6308 of the Crimes Code.[1]  After being transported to the police department a search was made of appellant's person and two pills were found concealed inside a packet of cigarettes which was in a shirt pocket.  Subsequent analysis identified the pills as secobarbitol, a barbiturate which falls under Schedule III of The Controlled Substance Act.[2]  Appellant was then charged with illegal possession of a controlled substance and subsequently convicted.  In this appeal, we are constrained to accept appellant's first argument challenging the legality of his initial arrest, which we find dispositive.[3]

---

[1] Act of December 6, 1972, P. L. 1482, No. 334, §6308, 18 Pa. C. S. §6308 (1973) ("A person is guilty of a summary offense if he, being less than 21 years of age, attempts to purchase, purchases, consumes, possesses or transports any alcohol, liquor or malt or brewed beverages.").

[2] The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P. L. 233, No. 64, §§1 et seq., 35 P.S. §§780-101 et seq. (Supp. 1974-75).

[3] Appellant also raises an issue of substance and importance by contending that a search incident to an arrest for a summary offense is limited to a protective search for weapons.  The United States Supreme Court has rejected this contention in Gustafson v. Florida, 410 U.S. 982 (1973), and United States v. Robinson, 410 U.S. 982 (1973), holding that a police officer does not violate the fourth and fourteenth amendments by making a full search of a defendant's person incident to a lawful arrest.  Although the Court found that a full search has always been permitted incident to an arrest, we are not convinced that such has been the law of this Commonwealth.  See, e.g., Commonwealth v. Freeman, 222 Pa. Superior Ct. 178, 293 A.2d 84 (1972) ; Commonwealth v. Dial, 218 Pa. Superior Ct. 248, 276 A.2d 314, rev'd on other grounds, 445 Pa. 251, 285 A.2d 125 (1971).  Additionally, our Supreme Court as yet has not been presented with the question of the permissible extent of searches incident to an arrest subsequent to these United States Supreme Court decisions.  Other state supreme courts have examined the issue.  See, e.g., State v. Kaluna, 55 Ha. 361, 520 P.2d 51 (1974).

The offense for which appellant was arrested, underage drinking,[4] is a summary offense under the Crimes Code and the method by which proceedings for a summary offense can be instituted were governed by the Rule of Criminal Procedure in effect at the time of the occurrence, Rule 102.[5] Rule 102 provided for the institution of criminal proceedings by:

"5. An arrest without a warrant when the offense is a summary offense which involves a breach of the peace, or endangers property or the safety of any person present provided the police officer making the arrest displays a badge or other symbol of authority or is in uniform.

"6. A citation when the offense is a summary offense under The Vehicle Code, provided the police officer is in uniform.

"7. A citation when the offense is any other summary offense, provided the police officer displays a badge or other sign of authority or is in uniform."

Thus, the only permissible arrest without a warrant for a nontraffic summary offense occurs when the summary offense "involves a breach of the peace, or endan-

Our Supreme Court could adopt the *Robinson* rule as the law of this Commonwealth as did the Supreme Court of Oregon for that state. *State v. Florance*, 270 Or. 169, 527 P.2d 1202 (1974). It also could choose to take a more expansive view of constitutional protections than the United States Supreme Court. *See Commonwealth v. Richman*, 458 Pa. 167, 320 A.2d 351 (1974) (in Pennsylvania initiation of adversary criminal proceedings begins at arrest, not indictment; *cf. Kirby v. Illinois*, 406 U.S. 682 (1972)). It could also find that the Pennsylvania Constitution mandates a contrary result; Pa. Const. art. I, §8; or it could adopt a more protective rule based upon its broad supervisory powers. *Commonwealth v. Campana*, 455 Pa. 622, 314 A.2d 854 (1974) (addendum opinion).

[4] *See* note 1, supra.

[5] Pa. R. Crim. P. 51, *eff.* January 1, 1974, has superseded Rule 102 but the new Rule 51 effects only organizational, not substantive changes.

gers property or the safety of any person present." This Court held in *Commonwealth v. Pincavitch*, 206 Pa. Superior Ct. 539, 214 A.2d 280 (1965), that underage drinking is not such an offense. Therefore, the proper procedure would have been for the officer to issue a citation to the appellant rather than arrest him. The procedure adopted by the officer was not in compliance with Rule 102 and the arrest was, therefore, illegal[6] and any evidence seized as a result of the illegal arrest[7]

---

[6] The appellant could have been arrested under Section 5505 of The Crimes Code which reads: "A person is guilty of a summary offense if he appears in any public place manifestly under the influence of alcohol to the degree that he may endanger himself or other persons or property, or annoy persons in his vicinity." Whereas, underage drinking (e.g., the *act* of drinking or possessing an alcoholic beverage) is not of itself a summary offense which "involves a breach of the peace, or endangers property or the safety of any person present," see *Commonwealth v. Pincavitch*, 206 Pa. Superior Ct. 539, 214 A.2d 280 (1965), and thus an arrest for the offense may not be made without a warrant, *see* Pa. R. Crim. P. 51; the offense of Section 5505 involves the *state* of being intoxicated to an endangering degree and an arrest without a warrant would be proper under Pa. R. Crim. P. 51. This possibility has been noted before. *See Commonwealth v. Wilson*, 225 Pa. Superior Ct. 513, 312 A.2d 430 (1973) (concurring opinion by SPAETH, J.).

The posture of the law which prohibited officer Borrelli from arresting the appellant for a violation of Section 1037 of The Vehicle Code (Act of April 29, 1959, P. L. 58, §§101 *et seq.*, 75 P.S. §§101 *et seq.*) because the misdemeanor had not been committed in his view was altered by the legislature on July 20, 1974. Section 1204 of the amended Vehicle Code now states *inter alia*: "A peace officer may, *upon view or upon probable cause without a warrant*, arrest any person violating Section 1037 of this act in cases causing or contributing to an accident" (emphasis added). Act of April 29, 1959, P. L. 58, §1204, 75 P.S. §1204 (Supp. 1974-75), *as amended* by the Act of July 20, 1974, P. L. 522, No. 177, §2. The validity of this amendment has not yet been tested.

[7] Subsequent to the appellant's arrest for underage drinking and while in custody, an arrest warrant was obtained for a violation of §1037 of The Vehicle Code (driving under the influence.) Thus it might be possible to argue that by the time the search was made

should have been suppressed. *Commonwealth v. Jacoby,* 226 Pa. Superior Ct. 19, 311 A.2d 666 (1973) ; *Commonwealth v. Wilson,* 225 Pa. Superior Ct. 513, 312 A.2d 430 (1973) ; *Commonwealth v. Reeves,* 223 Pa. Superior Ct. 51, 297 A.2d 142 (1972).

Judgment reversed and new trial granted.

WATKINS, P. J., and VAN DER VOORT, J., dissent.

---

the appellant was legally under arrest. This argument fails for two reasons. In the first place, the record does not disclose whether the search preceded or followed the second arrest. Secondly, after the §1037 complaint was filed, the appellant was voluntarily administered a Mobat chemical intoxication test, the results of which showed him to be presumed *not* intoxicated. The arresting officer stated at the suppression hearing that at that time he considered the appellant still under arrest for the underage drinking charge. Thus the police, at the time of the search, were under the clear opinion that they were searching incident to the first arrest. Additionally, this is the argument relied upon by the district attorney. "While under lawful arrest for underage drinking, the appellant was searched and a controlled substance seized." Brief for Appellee at 2-3.