## Commonwealth v. Smith

422

*Paul D. Shafer, Jr., District Attorney*, for Commonwealth.
*Paul E. Allen*, for defendant.

THOMAS, *J.*, April 22, 1975—Defendant is charged with driving while under the influence of intoxicating liquor and has moved to suppress evidence of intoxication for the following reason set forth in his application:

"7. Defendant avers that his arrest without a warrant for a misdemeanor not committed in the view or presence of the arresting officer was invalid and illegal."

Under the admitted facts of the case, it would be necessary to grant defendant's motion[1] except for section 2 of Act 177 of 1974, approved July 20, 1974, which amended sub-section 2(a) of section 1204 of The Vehicle Code and provides, inter alia, as follows:

". . . A peace officer may, upon view or upon probable cause without a warrant, arrest any person violating section 1037 of this act in cases causing or contributing to an accident."

---

1. Commonwealth v. Reeves. infra.

In this case, the arrest was made by the officer upon probable cause under the authority of this amendment.

Defendant, however, contends in his motion that the foregoing amendment is unconstitutional, averring that:

". . . it is in conflict with Rule 101(3) and is an attempt by the Legislature to usurp some of the powers of the Pennsylvania Supreme Court, which powers are granted to the Supreme Court by Article V, §10(c) of the Pennsylvania Constitution of 1968. The Supreme Court has suspended §1204(a) of the Motor Vehicle Code by Rule 159."

Rule 101(3) of the Pennsylvania Rules of Criminal Procedure provides as follows:

"Criminal proceedings in court cases shall be instituted by:

"1. . . .

"2. . . .

"3. an arrest without a warrant when the offense is a felony or misdemeanor committed in the prosence (sic) of the police officer making the arrest."

Rule 159 suspended section 1204(a) of The Vehicle Code as it was originally enacted "insofar as [they are] inconsistent with Rules 51 and 101." The amendment to section 1204(a) is definitely inconsistent with Rule 101 because it authorizes an arrest upon probable cause for a limited class of misdemeanor contrary to the mandate of Rule 101(3) that in misdemeanor cases criminal proceedings may be instituted by arrest without a warrant only "when committed in the presence of the police officer making the arrest."

There is no doubt that the Supreme Court of

Pennsylvania under article V, sec. 10(c), of the Constitution of Pennsylvania has the power to prescribe rules governing criminal procedure and the conduct of all officers serving process in criminal actions. This power, however, is subject to limitations as set forth in the following portion of that section:

"The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts, justices of the peace and all officers serving process or enforcing orders, judgments or decrees of any court or justice of the peace . . . if such rules are consistent with this Constitution and neither abridge, enlarge nor modify the substantive rights of any litigant, nor affect the right of the General Assembly to determine the jurisdiction of any court or justice of the peace, nor suspend nor alter any statute of limitation or repose. All laws shall be suspended to the extent that they are inconsistent with rules prescribed under these provisions."

Thus, the issue before us is whether section 1204(a), as amended, is procedural, in which case the Rules of Criminal Procedure govern, or substantive or affects substantive rights, in which case it is not affected by said rules. In resolving this issue, we are confronted with the fine dividing line which frequently exists in determining whether a law or rule is substantive or procedural. As was said in the case of Cohen v. Beneficial Industrial Loan Corporation, 337 U.S. 541, 69 S.Ct. 1221 (1949):

"The accepted dichotomy is the familiar 'procedural-substantive' one. This of course is a subject of endless discussion, which hardly needs to be repeated here. Suffice it to say that actually in

many situations procedure and substance are so interwoven that rational separation becomes well-nigh impossible. But, even so, this fact cannot dispense with the necessity of making a distinction."

In making this necessary distinction, an examination of the nature and source of the principles governing arrest at common law is helpful. In Blackstone's Commentaries, Book IV, Chapter XXI, arrest is listed as the first step "in the regular and orderly method of proceeding in the courts of criminal jurisdiction." Blackstone then goes on to say:

"[And], in general, an arrest may be made four ways: 1. By warrant; 2. By an officer without warrant; 3. By a private person also without a warrant; 4. By a hue and cry."

In Commonwealth v. Reeves, 223 Pa. Superior Ct. 51, 297 A. 2d 142 (1972), the case which undoubtedly caused passage of the challenged amendment,[2] the court said:

"This precept forbidding warrantless arrests for misdemeanors committed out of the presence of the arresting officer has roots in the Magna Carta which was promulgated in England in 1215 . . . The English Courts long ago ruled that a constable

---

2. In his concurring opinion in that case Judge Packel stated:

"President Judge Campbell, in the court below, very forceably expressed his great concern as follows: 'We sincerely regret the present status of the law as it pertains to arrests for driving under the influence, especially in one car accidents. We implore the legislature to act promptly to correct this situation by statute.' I join in that exhortation for a change by the legislature, with an appropriate revision of the criminal rules by our Supreme Court."

could not arrest for a breach of peace done out of his sight. Sharrock v. Hannemer, Cro. Eliz. pt. 1, p. 375, 78 Eng. Reprint 622 (1970). This principle has so long been common knowledge that in 1899 the Michigan Supreme Court enunciated this rule and said that the concept was so elementary that no authorities need be cited for the proposition."

Another modern statement of the source of the "standards and procedures for arrest and detention" appears in Gerstein v. Pugh, 420 U.S. 103 (1975):

"Both the standards and procedures for arrest and detention have been derived from the Fourth Amendment and its common-law antecedents. See Cupp v. Murphy, 412 U.S. 291, 294-295 (1973); Ex parte Bollman, 8 U.S. (4 Cranch) 75 (1807); Ex parte Burford, 7 U.S. (3 Cranch) 448 (1806). The standard for arrest is probable cause, defined in terms of facts and circumstances 'sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.' Beck v. Ohio, 379 U.S. 89, 91 (1964). See also Henry v. United States, 361 U.S. 98 (1959); Brinegar v. United States, 338 U.S. 160, 175-176 (1949). This standard, like those for searches and seizures, represents a necessary accommodation between the individual's right to liberty and the State's duty to control crime."

From the foregoing, it would appear that, at common law, arrest was procedural in that it was the first step in initiating criminal proceedings. It was never doubted, however, that the circumstances under which an arrest could be made was subject to *"reasonable"* statutory modification. The footnotes to Blackstone by Chitty, relating

to arrest, specifically recognize this in the following language:

"[And] by a modern act of parliament, an express power is given to constables and other peace-officers, when on duty, to apprehend every person who may reasonably be suspected of having, or carrying, or by any ways conveying, at any time after sunsetting and before sunrising, goods suspected to be stolen: 22 Geo. III. c. 58, s. 3. 54 Geo. III. c. 57, ss. 16, 17, 18. And other statutes (32 Geo. III. c. 53, s. 17. 51 Geo. III. c. 119, ss. 18, 24) authorize constables and other peace-officers to apprehend evil-disposed and suspected persons and reputed thieves."

Case law continues to recognize legislative power to *reasonably* modify the common law relating to arrest. In Commonwealth v. Schwartz, 82 Pa. Superior Ct. 369, 372 (1923) (a case from this county) the court pointed out:

"It [referring to the Pennsylvania Constitution] does not forbid arrests or seizures without warrant, (Wakely v. Hart, 6 Binney 316), wherever that may reasonably be authorized at common law, (Rarick v. McManomon, 17 Pa. Superior Ct. 154; Com. v. Rubin, 82 Pa. Superior Ct. 315, (opinion by Judge Porter filed this day), *or by statute. . . ."* (emphasis supplied).

In Commonwealth v. Stubler, 84 Pa. Superior Ct. 32 (1924), the court made the same ruling as follows:

"Article I, section 8, of our Constitution provides: 'The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search

any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause supported by oath or affirmation subscribed to by the affiant.' It will be noted that only unreasonable searches and seizures are forbidden. There may be a lawful arrest or seizure without a warrant wherever that may reasonably be authorized at common law or by statute: Com. v. Schwartz, 82 Pa. Superior Ct. 369; Com. v. Ruben (sic), 82 Pa. Superior Ct. 315."

The more recent case of Commonwealth v. Pincavitch, 206 Pa. Superior Ct. 539, 214 A. 2d 280 (1965), recognizes by implication that legislation may authorize arrest without a warrant in misdemeanor cases committed beyond the presence of the arresting officer. In that case, the court said:

"The general rule is, 'A peace officer may, without a warrant, arrest for a felony or for a misdemeanor committed in his presence although the right to arrest for a misdemeanor, unless conferred by statute, is restricted to misdemeanors amounting to a breach of the peace.' 6 C.J.S. Arrest §6(a). This is extended to such cases where probable cause exists for believing a person has committed a felony. Commonwealth v. Bosurgi, 411 Pa. 56, 190 A. 2d 304 (1963), cert. denied, 375 U.S. 910, 84 S.Ct. 204, 11 L.Ed. 2d 149; but we find no authority that justifies an arrest without a warrant for a misdemeanor or summary offense committed beyond the presence of the arresting officer in the absence of a statute giving that right."

In United States v. Grosso, 225 F. Supp. 161 (W.D. Pa. 1964), the exact issue was considered and passed upon. After posing the question (at page 168) the court, speaking through Judge Gourley, held:

"The government concedes that under the law of Pennsylvania a peace officer ordinarily may arrest for a misdemeanor without a warrant only when said misdemeanor is committed in his presence. However, the government contends that as to that class of offenses relating to the setting up of gaming devices or machines, the Legislature of Pennsylvania, by statutory enactment, Act of March 31, 1860, P.L. 382, §60, 18 Pa. Stat. Ann. §1445 (hereinafter sometimes referred to simply as 18 Pa. Stat. Ann. §1445, §1445 or 1445) has broadened the power of the peace officers to arrest without a warrant."

The same case also held that an arrest without a warrant for a misdemeanor not committed in the presence of the arresting officer meets Federal constitutional standards if based upon probable cause:

"§1445 must be read as authorizing an arrest without warrant only when the arrest is based on probable cause to believe that an offense has been or is being committed. When so based on probable cause, the arrest is legal when made and is not legalized, as defendants contend, by what evidence a subsequent search reveals. As so interpreted, 18 Pa. Stat. Ann. §1445 clearly meets federal constitutional standards."

From the foregoing, we conclude that while arrest is procedural in the sense that it is one method of initiating criminal proceedings, the right of an individual to be free from "unreasonable" arrest is a substantive right guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and article I, secs. 8 and 9, of the Pennsylvania Constitution. It follows that so long as the legislature does not violate these constitutional re-

strictions, it has the power to modify the common law by statute. In fact, Pennsylvania, as well as other States, have by such legislation broadened the authority of peace officers to arrest for misdemeanors in various cases. Restatement 2d Torts §121, comment and Pennsylvania annotations thereunder: P.L.E. Arrest §3.

Section 1204(a) of The Vehicle Code is a statutory modification of the common law affecting substantive rights in limited and specific misdemeanor cases. It enlarges the rights of peace officers in such cases by permitting them to arrest upon probable cause, and, accordingly, abridges the substantive rights of individuals in those circumstances.

Since the amendment does not, in our opinion, violate constitutional restrictions and does "legally modify substantive rights," it is not suspended or rendered inoperative by the Rules of Criminal Procedure in general and Rule 101(3) in particular.

Accordingly, we enter the following

## ORDER

And now, April 22, 1975, defendant's motion to suppress evidence is denied.

Exception is noted for defendant.