## Commonwealth v. Ribson

*J. Michael Eakin,* Assistant District Attorney, for Commonwealth.

*John B. Mancke,* for defendant.

WEIDNER, *J.,* August 28, 1975—At approximately 8:30 a.m. on November 18, 1974, defendant, while driving his tractor trailor eastbound on the Pennsylvania Turnpike near the Newville turnpike maintenance building, passed through a traffic radar operated by State Trooper Richard E. Cecconello. Trooper

Cecconello and the TR-6 radar unit utilized were situated on the second floor of the maintenance building, about 50 yards to the northern side of the roadway. Having clocked the defendant's vehicle traveling 66-miles-per-hour in a 55-miles-per hour zone, Trooper Ceconnello radioed for Trooper John L. Zaengle, located along the highway in his marked patrol vehicle, to stop defendant for speeding. From a standing position in the passing lane Trooper Zaengle motioned for defendant to pull his truck off the road behind the patrol vehicle. Defendant allegedly was unable to maneuver to the point indicated by the trooper but rather brought his truck to a halt aproximately 200 yards down the highway.

Upon routine license and registration inspection Trooper Zaengle informed defendant he would receive citations for speeding (66/55) and for failure to obey a lawful signal. A further traffic safety check made through Trooper Cecconello by telephone to the Newville Barracks indicated that defendant's driver's license had been suspended effective September 13, 1974. Thereafter Trooper Zaengle informed defendant that no citations would be issued at that time but that his license would be detained.

Subsequently, on December 2, 1974, after having received written confirmation of defendant's suspension from the State Department of Transportation, Trooper Zaengle filed three citations with District Justice Esther M. Cohick charging defendant with speeding,[1] failure to obey a lawful signal,[2] and driving while suspended,[3] all summary offenses. Three sum-

---

1. Act of April 29, 1959, P.L. 58, sec. 1002, as amended, 75 PS § 1002.

2. Act of April 29, 1959, P.L. 58, sec. 1036, as amended, 75 PS § 1036.

3. Act of April 29, 1959, P.L. 58, sec. 624, as amended, 75 PS § 624.

mons were then issued by District Justice Cohick and mailed to defendant. On December 26, 1974, at a summary proceeding held before District Justice Cohick, defendant was found guilty on all three charges.

The matter is now before this court on appeal from summary conviction and on petition to quash the citations in question. A hearing before this court was held on March 25, 1975.

Defendant's principal argument is that the manner in which Trooper Zaengle instituted summary charges, specifically in failing to provide copies of the citations at the time of the alleged infractions and in filing these citations with the district justice some 14 days later, was violative of the requirements set forth in Pa. R. Crim. P. 51 and 54, and as such, was fatally defective. It is defendant's contention that circumstances required application of, and strict compliance with Rules 51A(1), 54(a), and 54(b).

Defendant argues that, since these mandatory procedures were not followed, the citations in question were issued without proper authority and should thus be quashed.

Additionally, defendant raises several secondary arguments: (a) that the radar unit was situated, and therefore utilized, improperly; (b) that the citation for failure to obey a lawful signal failed correctly to specify the subsection of the statute allegedly violated; and (c) that defendant had been assured by his Commonwealth Representative, Percy Foor, that suspension of his driver's license would be delayed until January 5, 1975, and he had relied upon such assurances.

The Commonwealth, while admitting that Trooper Zaengle did not adhere to the strict letter of Pa. R. Crim. P. 51, argues that the procedure followed was

the only alternative available to him in light of the opinion in Commonwealth v. Campana, 452 Pa. 223, 304 A.2d 432 (1973). The Commonwealth suggests that in attempting to follow the demands of Campana, supra, Trooper Zaengle chose to await written confirmation of the defendant's suspension and thereafter file all charges resulting from the single incident at one time, ignoring in the process the Rules of Criminal Procedure insofar as they were seemingly inconsistent. Accordingly the Commonwealth contends Trooper Zaengle's actions were entirely reasonable and the convictions should therefore be upheld. This court does not agree.

Notwithstanding the holding in Campana, supra, or a personal concern for the exigencies of the instant situation, Trooper Zaengle, in instituting summary proceedings, was and is wholly bound by the applicable Rules of Criminal Procedure. There is ample case law so holding. See Commonwealth v. Shillingford, 231 Pa. Superior Ct. 407, 332 A.2d 824 (1975); Commonwealth v. Braganini, 51 D. & C. 2d 435 (Carbon Co. 1971). See also Commonwealth v. LeFever, 25 Cumb. 166 (1975).

The official comments to the Pa. R. Crim. P. 51 provide clear and relevant guidance to enforcement officers as follows:

"When evidence is discovered after the issuance of a citation which gives rise to additional charges against the defendant resulting from the same incident, the police officer should file with the issuing authority an additional citation alleging such additional summary offenses, or a complaint when the additional allegations charge a court case."

Under the instant circumstances, Trooper Zaengle should have at least issued citations for speeding and

failure to obey a lawful signal directly to defendant at the scene, and then thereafter, if additional time was deemed necessary to determine whether defendand was in fact a first or second offender for driving under suspension, filed an additional citation or complaint with the district justice.

Though well intentioned, the procedure adopted by Trooper Zaengle simply failed to comply with the requirements of Pa. R. Crim. P. 51 and 54 in effect at the time of the incident.[4] Since, therefore, the citations in question were issued without proper authority, they must be considered fatally defective. Accordingly the charges against defendant must be dismissed.

Considering the above dispositon, we need not pursue the additional arguments presented by the defendant.

### ORDER

And now, August 28, 1975, based upon the above discussion, defendant's petition to quash the citations is hereby granted and the convictions of December 26, 1974, based thereon are reversed.

---

[4] Pa. R. Crim. P. 51 has since been amended effective September 1, 1975, to allow the filing of a citation with an issuing authority by a police officer under circumstances presented by the case at bar. However, such amendment does not retroactively govern the validity of the procedure used in this case.