467 A.2d 1351

**COMMONWEALTH of Pennsylvania**

v.

**Clarence ALFORD, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued April 13, 1983.

Decided Nov. 18, 1983.

258

Marc Ira Rickles, Langhorne, for appellant.

Donald B. Corriere, District Attorney, Easton, for Commonwealth, appellee.

Before HESTER, CAVANAUGH and POPOVICH, JJ.

CAVANAUGH, Judge:

Appellant, Alford, was charged with two counts of aggravated assault[1] and one count of resisting arrest.[2] After a jury trial, appellant was found not guilty of both aggravated assault charges, but guilty of resisting arrest.[3] From judgment of sentence, this appeal follows.

The events resulting in the charges against appellant took place on May 29, 1980, when he was involved in a near collision with a car operated by a young woman named Lisa Hall. Upset because his 16-month-old daughter was almost hurt by the sudden stop, appellant followed Ms. Hall's car and pulled alongside when she parked in her neighborhood. He then began arguing with her about the incident, but left when neighborhood friends of the young woman appeared. A short time later, appellant returned to the area, and was met there by some friends of his who were equipped with large sticks.

Although appellant was unable to relocate Ms. Hall, he became embroiled in an argument with another neighborhood resident. As a crowd gathered around the two and their argument escalated, police officers began to arrive at the scene. Officer Moll proceeded to separate the two men, while other officers attempted to quell other disturbances and prevent the uneasy crowd, which had grown to 80 or

1. 18 Pa.C.S. § 2702(a)(3).

2. 18 Pa.C.S. § 5104.

3. Appellant was also charged, and, after trial, found guilty by the trial judge of two summary offences: 18 Pa.C.S. § 5503, disorderly conduct, and Easton City Ordinance § 701.02(k), peace nuisance.

more people, from becoming violent. Commonwealth witnesses testified that at this point, appellant was instructed by an officer to remain in a specific area while other combatants were separated or arrested. Officer Storm testified that while in uniform, he approached appellant and repeatedly told him to stop yelling obscenities at the arresting officers and keep clear of the trouble area. He then testified that when appellant ignored these commands, he told appellant he was under arrest. Finally, Officer Storm testified that when he approached appellant to take him into custody, appellant flailed his arms and legs in resistance and was only subdued after several other officers came to his assistance. Appellant, on the other hand, testified that neither Officer Storm nor any other officer ever said or otherwise indicated that he was under arrest, and that the officers had brutally and unnecessarily beat him.

Appellant first contends that since his disorderly conduct only amounted to a summary offense, that his warrantless arrest was not lawful under the Pennsylvania Rules of Criminal Procedure and, as such, could not support a charge of resisting arrest.[4] While it is true that Chapter 50 of the Rules of Criminal Procedure generally mandates the use of citations, rather than arrest, in summary cases, an exception to this general principle is provided by Rule 51 A(3)(c). This subsection provides that in non-traffic, summary cases,

> [t]he defendant may be arrested without a warrant by a police officer for a summary offense, but only when (i) such arrest is necessary in the judgment of the officer, and (ii) the officer is in uniform or displays a badge or other sign of authority, and (iii) such arrest is authorized by law.

■ In *Commonwealth v. Shillingford*, 231 Pa.Super. 407, 332 A.2d 824 (1975), this court held that the Rules of

---

4. 18 Pa.C.S. § 5104 provides:
   A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a *lawful arrest* or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance. (emphasis supplied).

Criminal Procedure allow warrantless arrest where the non-traffic "summary offense 'involves a breach of the peace, endangers property or the safety of any person present.'" *Commonwealth v. Shillingford, supra,* 231 Pa.Superior Ct. at 410–11, 332 A.2d at 826.[5] Although *Shillingford* involved a charge of underage drinking which did not involve a breach of the peace, the instant case clearly did involve both a breach of the peace and a danger to personal safety. We therefore hold that a warrantless arrest was lawful under the circumstances of this case, and that this aspect of the charge of resisting arrest was properly supported.

Appellant next contends that the lower court erred when it instructed the jury, as follows: "I charge you that the police officers were making or attempting to make a lawful arrest." At trial, Officer Storm testified that he told appellant he was under arrest before appellant began struggling. Appellant, on the other hand, flatly denied that anyor had indicated in any way that he was under arrest.

■ Appellee cites the cases of *Commonwealth v. Stortecky,* 238 Pa.Super. 117, 352 A.2d 491 (1975), and *Commonwealth v. Franklin,* 248 Pa.Super. 145, 374 A.2d 1360 (1977), in support of the position that the lawful arrest requirement of the crime of resisting arrest[6] is a question of law for the court to decide. However, these cases involve the question whether an arrest, which concededly occurred, was lawful. In the instant case, appellant's testimony was that an arrest, lawful or not, had never occurred,

**5.** Shillingford was decided under a prior version of the Criminal Rules, which were revised in 1975. However, the official Comment to those revisions states:

> [t]he 1975 amendment was *not intended to change the scope of an officer's power of warrantless arrest in summary cases,* but to make it clear that such arrest is permitted under the Rule only where such power exists at common law or under the laws of the General Assembly. (emphasis supplied).

We also note that while no statutory grounds were asserted for the officer's authority to arrest in this case, such power exists at common law where a breach of the peace is involved. *Commonwealth v. Doe,* 109 Pa.Super. 187, 167 A. 241 (1933).

**6.** *See* note 4, *supra.*

since there had been no act indicating Officer Storm's intention to take appellant into custody. *Commonwealth v. Maddox,* 307 Pa.Super. 524, 453 A.2d 1010 (1982). While the *lawfulness* of an arrest is a question of law for the court, *Commonwealth v. Stortecky, supra,* where, as here, there is conflicting testimony concerning the very *existence* of an arrest, a question of fact for the jury has been raised, *see Commonwealth v. Raynes,* 6 D & C 3d 315 (1978). We, therefore, conclude that the lower court erred in instructing the jury that the officers were in fact making or attempting a lawful arrest and should have submitted the factual dispute, as to whether Officer Storm had indicated to appellant that he was under arrest, to the jury.[7]

Accordingly, judgment of sentence is vacated, and the case is remanded for a new trial. Jurisdiction relinquished.

POPOVICH, J., dissented.

---

**7.** Appellant raises other issues which we find are either waived, or unnecessary for us to decide in light of our disposition.