599 A.2d 662

**COMMONWEALTH of Pennsylvania**

v.

**Richard Thomas BULLERS, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 20, 1991.

Filed Oct. 29, 1991.

178

James L. Martin, Ridgway, for appellant.

Vernon D. Roof, Dist. Atty., Ridgway, for Com., appellee.

Before WIEAND, CIRILLO and JOHNSON, JJ.

JOHNSON, Judge:

We are asked to determine whether the authority of a police officer to arrest without a warrant extends to the summary offense of underage drinking under circumstances where the violator does not exhibit disorderly conduct, a breach of the peace, drunkenness or other irregular behavior. We conclude that a warrantless arrest under such circumstances has not been authorized by our legislature. Accordingly, we must reverse.

Richard Bullers was found guilty by a jury of theft of a firearm, 18 Pa.C.S. § 3921(a), firearms not to be carried without a license, 18 Pa.C.S. § 6106(a), unauthorized use of automobile, 18 Pa.C.S. § 3928(a), and receiving stolen property, 19 Pa.C.S. § 3925(a). Bullers appeals from judgment of sentence entered upon these convictions. We reverse, and remand for further proceedings.

On appeal, Bullers contends that he was unlawfully arrested and that the evidence which resulted therefrom was improperly admitted at trial. Bullers also contends that the evidence presented at trial was insufficient to prove beyond a reasonable doubt that he was guilty of the crimes for which he was convicted. Finally, he presents an attack upon the weight of the evidence.

We will begin by considering Bullers' claim as to the sufficiency of the evidence. We do so because a determination in Bullers' favor regarding sufficiency would entitle him to a discharge. Further, such a determination would obviate the need to interpret the statute implicated in this case. Similarly, our Supreme Court has concluded that sufficient evidence had been presented to support a conviction before proceeding to determine that the conviction had resulted from an illegal arrest. See *Commonwealth v. Lovette*, 498 Pa. 665, 670, 450 A.2d 975, 977 (1982), *cert. den.* 459 U.S. 1178, 103 S.Ct. 830, 74 L.Ed.2d 1025 (1983).

When reviewing an attack upon the sufficiency of the evidence, our standard of review is well established: sufficiency of the evidence must be evaluated and determined upon the entire record. *Commonwealth v. Meadows*, 471 Pa. 201, 369 A.2d 1266 (1977). The entire trial record must be evaluated and all the evidence actually received must be considered, whether or not the trial court's rulings thereon were correct. *Commonwealth v. Harper*, 485 Pa. 572, 403 A.2d 536 (1979). All of the evidence must be read in the light most favorable to the Commonwealth, as verdict winner, and the Commonwealth is entitled to all reasonable inferences arising therefrom. *Meadows*. An attack upon the sufficiency of the evidence admits all the facts which the Commonwealth's evidence tends to prove, but contends that such facts fail to establish, beyond a reasonable doubt, the elements of the crimes for which the defendant has been convicted. *Id.* So viewed, the record reveals the following:

On April 5, 1990, at about 10:00 p.m., Richard Wolfe, a resident of the Borough of Johnsonburg, parked his GMC

Jimmy truck on Market Street, directly across the street from a local club.  Fifteen to twenty minutes later, Wolfe discovered that his truck was missing, and he contacted the Johnsonburg Borough police.  He reported that the keys had been left in the vehicle, and the doors had been left unlocked.  He also reported that he had left a pistol, in a holster, in the console between the seats and that the pistol contained a loaded clip.  Wolfe had not given anybody permission to be in possession of the truck or the pistol that evening.

That same evening, Sergeant Parana, of the Johnsonburg Borough Police Department, began his work shift at 11:00 p.m., and he was informed that Wolfe's vehicle had been stolen.  At about 11:45 p.m., a radio call came in from the St. Marys Borough Police Department indicating that a vehicle fitting the description of Wolfe's truck had been located in a cemetery in St. Marys.  Sergeant Parana arrived at the cemetery about ten minutes later and determined that the found truck was registered to Wolfe.  Parana also discovered that the pistol was missing from the console.

Keith Lucanik, accompanied by his brother-in-law, was traveling from Emporium, Pennsylvania to Wilcox, Pennsylvania, in the early hours of April 6, 1990.  Lucanik traveled through St. Marys and Johnsonburg and gave a ride to Bullers, who had been hitchhiking.  Bullers entered the car in St. Marys near Andrew Kaul Hospital, on Route 255, at about 2:00 or 2:30 a.m., and he exited at about 2:45 or 3:00 a.m. in Johnsonburg.  While in Lucanik's car, Bullers sat in the back seat.  Lucanik did not have a firearm or a red canvas bag in his car that morning.

At approximately 2:45 a.m., Officer Parana saw Bullers walking on Grant Street in Johnsonburg.  Parana knew Bullers, and approached him in order to ask questions regarding the theft of Wolfe's truck.  After engaging Bullers in conversation, Parana detected the odor of beer on Bullers' breath.  Knowing from previous experiences with Bullers that he was nineteen years old, Parana arrested

Bullers for underage drinking. This arrest occurred about a quarter mile from Bullers' residence and about 600 to 700 feet from where Wolfe's truck had earlier been stolen. Also, the scene of the arrest was about one and one-half to two miles from Route 255.

Incident to the arrest, Sergeant Parana conducted a pat-down search and discovered a large amount of loose change, some of which was in a red canvas bag in Bullers' jacket pocket. Parana also found a number of pencils and pens. A later search at the station uncovered Wolfe's loaded, holstered pistol hidden beneath Bullers' jacket inside his belt and against his back. Bullers had no license or permit to carry a concealed firearm.

Bullers testified at trial that, while riding in Lucanik's car, he found the red canvas bag in the back seat area, that he stole the bag from Lucanik's car upon exiting, and that he then discovered a gun in the bag.

Bullers argues first that this evidence is insufficient to prove beyond a reasonable doubt that he unlawfully took or exercised control over Wolfe's gun with the intent to deprive the owner thereof. See 18 Pa.C.S. § 3921(a). He also contends that this evidence is insufficient to prove beyond a reasonable doubt that he intentionally received, retained or disposed of the gun knowing that it was stolen, or believing such, absent the intent of restoring it to the owner. See 18 Pa.C.S. § 3925(a). Finally, he contends that this evidence is insufficient to prove beyond a reasonable doubt that he operated Wolfe's automobile without consent. Bullers bases each of these contentions on the observation that no witness to any of the thefts was presented, and he argues that the only evidence of his guilt was the possession of the pistol.

As observed by our Supreme Court, "[t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence." *Commonwealth v. Lovette*, 498 Pa. at 670, 450 A.2d at 977

(collecting cases). We are satisfied that Bullers' possession of Wolfe's pistol, hours after it was reported stolen from Wolfe's truck, coupled with the evidence that Bullers had hitchhiked back to Johnsonburg from the neighboring borough in which Wolfe's abandoned truck was found, sufficiently supports the inference of guilt as to each of the crimes of which Bullers was convicted. Bullers' nearly boilerplate claims to the contrary are meritless.

Bullers next contends that his convictions are against the weight of the evidence. In reviewing a challenge to the weight of the evidence, we start with the presumption that the evidence was sufficient, and examine whether, nevertheless, the evidence preponderates so heavily against the verdict that a serious miscarriage of justice may have occurred. *Commonwealth v. Vogel*, 501 Pa. 314, 461 A.2d 604 (1983), *cert. den.*, *Vogel v. Pennsylvania*, 465 U.S. 1104, 104 S.Ct. 1603, 80 L.Ed.2d 133 (1984); *Commonwealth v. McLean*, 396 Pa.Super. 23, 578 A.2d 4 (1990). *See Commonwealth v. Murray*, 408 Pa.Super. 435, 597 A.2d 111 (1991). Under this standard, we are not persuaded that the evidence in this case "preponderates against the verdict" or that there is any indication that a miscarriage of justice may have occurred.

Buller's final issue concerns the circumstances of his arrest. In pre-trial and post-trial motions, and again on appeal, Bullers has contended that his arrest was unlawful and that he was entitled to have the evidence obtained as a result thereof suppressed.

When reviewing a suppression court's denial of a motion to suppress evidence, our standard of review is well established.

> Our responsibility is to "determine whether the record supports the factual findings of the court below and the legitimacy of the inference and legal conclusions drawn from those findings." *Commonwealth v. Hubble*, 318 Pa.Super. 76, 78, 464 A.2d 1236, 1237 (1983). Additionally, we must consider the prosecution's evidence and so much of the defendant's evidence as remains uncontra-

dicted. *Commonwealth v. Mancini,* 340 Pa.Super. 592, 490 A.2d 1377 (1985).

*Commonwealth v. Haynes,* 395 Pa.Super. 322, 333, 577 A.2d 564, 570 (1990).

▇ Our legislature has decided that "[a] person commits a *summary offense* if he, being less than 21 years of age, attempts to purchase, purchases, consumes, possesses or knowingly and intentionally transports any liquor or malt or brewed beverages...." 18 Pa.C.S. § 6308(a) (emphasis added). The manner in which actions involving exclusively summary offenses are instituted is governed by the Rules of Criminal Procedure, which state, in pertinent part:

**Rule 51.** Means of Instituting Proceedings in Summary Cases

Criminal proceedings in summary cases shall be instituted either by:

(a) issuing a citation to the defendant; or

(b) filing a citation; or

(c) filing a complaint; or

(d) arresting without a warrant *when arrest is specifically authorized by law.*

42 Pa.R.Crim.P. 51 (emphasis added).

Rule 51(d) conditions the propriety of a warrantless arrest upon the existence of independent authorization, but does not, in and of itself, authorize arrests for summary offenses. *See, e.g., Commonwealth v. Neufer,* 264 Pa.Super. 553, 400 A.2d 596 (1979) (Rule governing summary proceedings does not permit the arrest of a traffic offender unless so authorized by the Vehicle Code). See 75 Pa.C.S. § 101. Similarly, Rule 70, which addresses the manner in which a warrantless arrest for violation of a summary offense may be made, authorizes an officer, upon exhibiting some sign of authority, to arrest "[w]hen an arrest without a warrant in a summary case is *authorized by law.*" 42 Pa.R.Crim.P. 70 (emphasis added).

The trial court held that the authority to arrest for a violation of § 6308(a) is provided in the statute itself in subsection (d). That subsection states:

**(d) Notification.**—The police department making an arrest for a suspected violation of subsection (a) shall notify the parents or guardian of the minor charged.

18 Pa.C.S. § 6308(d).

We have recently stated that, "[w]hen vesting a group with police powers and duties, the Legislature does so with specificity." *Commonwealth v. Leet*, 401 Pa.Super. 490, 493, 585 A.2d 1033, 1035 (1991) (*en banc*), quoting *Allegheny County Deputy Sheriff's Association v. Pennsylvania Labor Relations Board*, 95 Pa.Commw. 132, 135, 504 A.2d 437, 439 (1986), quoting *Commonwealth v. Pennsylvania Labor Relations Board*, 64 Pa.Commw. 525, 532, 441 A.2d 470, 475 (1982). In determining that § 6308(d) does *not* confer upon officers the authority to arrest for violation of the section, we look to other legislation wherein the Legislature has extended the power to arrest without a warrant.

In the Vehicle Code, 75 Pa.C.S. § 101, *et seq.*, authority to arrest for violations thereof, although such violations may amount to no more than summary offenses, has been extended by the Code, wherein the Legislature specifically stated:

**§ 6304. Authority to arrest without a warrant**

**(a) Pennsylvania State Police.**—A member of the Pennsylvania State Police who is in uniform may arrest without a warrant any person who violates any provision of this title in the presence of the police officer making the arrest.

**(b) Other police officers.**—Any police officer who is in uniform may arrest without a warrant any nonresident who violates any provision of this title in the presence of the police officer in making the arrest.

**(c) Other powers preserved.**—The powers of arrest conferred by this section are in addition to any other powers of arrest conferred by law.

75 Pa.C.S. § 6304.

The Code also contains specific authorization to arrest, in certain circumstances, for misdemeanors committed outside

the presence of the arresting officer. Rule 101 allows proceedings to be instituted by such arrests only where authorized by statute. In satisfaction of Rule 101, the Vehicle code provides:

### § 3731. Driving under the influence of alcohol or controlled substance

(c) Certain arrests authorized.—In addition to any other powers of arrest, a police officer is hereby authorized to arrest without a warrant any person who the officer has probable cause to believe has violated the provisions of this section, regardless of whether the alleged violation was committed in the presence of such officer.

75 Pa.C.S. § 3731(c).

The legislature has also, in the Crimes Code, "specifically authorized" arrests in some cases of domestic violence.

### § 2711. Probable cause arrests in domestic violence cases

(a) General rule.—A police officer shall have the same right of arrest without a warrant as in a felony whenever he has probable cause to believe that the defendant has violated section 2504 (relating to involuntary manslaughter), 2701 (relating to simple assault), 2702(a)(3), (4) and (5) (relating to aggravated aggravated assault) or 2705 (relating to recklessly endangering another person) against his spouse or other person with whom he resides or has formerly resided although the offense did not take place in the presence of the police officer. A police officer may not arrest a person pursuant to this section without first observing recent physical injury to the victim or other corroborative evidence.

18 Pa.C.S. § 2711(a). Similarly, the Legislature "specifically authorized" warrantless arrests for any grade of theft.

### § 3604. Arrest without warrant

A law enforcement officer shall have the same right of arrest without a warrant for any grade of theft as exists

or may hereafter exist in the case of the commission of a felony.

18 Pa.C.S. § 3604.

We now turn our attention to the instant case. Although we are urged by the Commonwealth to hold, as did the trial court, that § 6308(d) provides the "specific authorization" for officers to arrest for violation of the section, we must decline. As we have shown, our legislature has demonstrated its ability to clearly and unambiguously "specifically authorize" arrests in the context of summary offenses and otherwise. Section 6308(d), entitled "Notification," merely requires that the parents or guardian of a minor charged under the section be notified. That subsection was not intended by our legislature to extend to officers the power to arrest for a violation of the section.

That conclusion, however, does not end our inquiry for, as correctly observed by the Commonwealth, authority to arrest may be found in any of several statutes. *Commonwealth v. Williams,* 390 Pa.Super. 493, 499, 568 A.2d 1281, 1284 (1990) citing Gardner, *Arrest and Search Powers of Special Police in Pennsylvania: Do Your Constitutional Rights Change Depending on the Officer's Uniform?,* 59 Temple Law Quarterly 497 (1986) and McCarthy, *Warrantless Arrests by Police Officers in Pennsylvania,* 92 Dickenson Law Review 105, (Fall 1987). In *Williams,* this court found specific authorization to arrest embodied within the Borough Code, 53 Pa.C.S. § 45101, *et seq.* The Code provides, in pertinent part:

> § 46121. **Appointment, suspension, reduction, discharge, powers; mayor to have control**
> Borough council may, subject to the civil service provisions of this act, if they be in effect at the time, appoint and remove, or suspend, or reduce in rank, one or more suitable persons, citizens of the United States of America, as *borough policemen,* who shall be ex officio constables of the borough, and *shall and may,* within the borough or upon property owned or controlled by the borough or by a municipal authority of the borough whether such

property is within or outside the limits of the borough, *without warrant and upon view, arrest, and commit for hearing any and all persons guilty of breach of the peace, vagrancy, riotous or disorderly conduct or drunkenness, or who may be engaged in the commission of any unlawful act tending to imperil the personal security or endanger the property of the citizens,* or for violating any ordinance of the borough for the violation of which a fine or penalty is imposed, and notwithstanding any statute pertaining to the same or similar offenses. Any person so arrested shall be received for confinement by the keepers of the jails, lockups, or station houses within the county.

53 Pa.C.S. § 46121.

In *Williams, supra,* we held that § 46121, by its terms, provided the "specific authorization" to the officers to arrest for behavior amounting to disorderly conduct, and that Williams' behavior which precipitated the arrest was such conduct. *Id.,* 390 Pa.Super. at 501, 568 A.2d at 1284–85. We are urged by the Commonwealth to hold that the provisions of § 46121 relating to "breach of the peace, ... disorderly conduct or drunkenness, ... [or] unlawful act[s] tending to imperil the personal security or endanger the property of the citizens" authorize an arrest for underage drinking.

In *Commonwealth v. Pincavitch,* 206 Pa.Super. 539, 214 A.2d 280 (1965) (*en banc*), this court considered the scope of a Borough Code provision authorizing arrest of persons committing a "breach of the peace, vagrancy, riotous or disorderly conduct or drunkenness, or who may engaged in the commission of any unlawful act tending to imperil the personal security or endanger the property of the citizens...." *Id.,* 206 Pa.Super. at 542, 214 A.2d at 281. Where Pincavitch had been arrested for underage drinking for "[w]alking on the street at three o'clock in the morning with the odor of liquor on ones [sic] breath", we held that such behavior, unlike the behavior in *Williams,* did not fall within the terms of the Borough Code. *Id.,* 206 Pa.Super.

at 543, 214 A.2d at 281. In *Commonwealth v. Shilling-ford,* 231 Pa.Super. 407, 332 A.2d 824 (1975) (*en banc*), this court considered the scope of Rule 102, which then permitted "[a]n arrest without a warrant when the offense is a summary offense which involves a breach of the peace, [or] endangers property or the safety of any person present...." *Id.* 231 Pa.Super. at 410, 332 A.2d at 825. Relying upon *Pincavitch,* this court again concluded that underage drinking is not such an offense. Compare *Commonwealth v. Neufer, supra* (arrest for pedestrian under the influence authorized by Vehicle Code and as "breach of peace" under Second Class Township Code, 53 Pa.C.S. § 65591, where defendant was "swaying, staggering and bumping into" companions, fled when directed to stop, and ran into fence while attempting to escape) and *Commonwealth v. Alford,* 321 Pa.Super. 257, 467 A.2d 1351 (1983) (arrest for underage drinking authorized where behavior amounted to disorderly conduct.) We invalidated the underage drinking arrests in both *Pincavitch* and *Shillingford* because no rule or statute authorized an arrest for either the crime charged or the acts prompting the arrest. Recently, relying on *Shillingford,* this court stated, in dicta, that the proper procedure to institute proceedings against a person accused of no more than underage drinking is to issue a citation. *Commonwealth v. Trunzo,* 404 Pa.Super. 15, 589 A.2d 1147 (1991). Today, we so hold.

We reach our result in full cognizance of the concerns expressed by the Honorable Gordon J. Baghir, President Judge, in his opinion, wherein he refers to "the known hazards and dangers, both to themselves and by themselves to others, that ensues by underage drinking and the general inability of youths, because of their tender ages and inexperience, to acceptably respond to alcohol consumption...." Memorandum Opinion and Order of Court of August 27, 1990, at 3–4. However, in instances where the facts warrant such concerns, officers are not precluded from proceeding under other sections of the Crimes Code, *e.g.,* § 5505 Public Drunkenness, or the Vehicle Code, *e.g.,* § 3550 Pe-

destrians under influence of alcohol or controlled substance. We have so held in *Shillingford, Alford,* and *Neufer, supra.* In any event, these concerns cannot serve as the basis for authorizing an otherwise unlawful arrest.

For the foregoing reasons, we conclude that the arrest in this case was unlawful, and that the trial court erred by admitting the evidence which resulted therefrom. Accordingly, we reverse judgment of sentence, and remand this case for proceedings not inconsistent with this opinion.

Judgment of sentence reversed; case remanded; jurisdiction relinquished.