637 A.2d 1326

COMMONWEALTH of Pennsylvania, Appellant,

v.

Richard BULLERS, Appellee.   (Two Cases)

Supreme Court of Pennsylvania.

Argued March 8, 1993.

Decided March 8, 1994.

Reargument Denied May 4, 1994.*

* Papadakos, J., dissented and would grant reargument.

Vernon D. Roof, Dist. Atty., for appellant.

James L. Martin, Public Defender, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## OPINION

ZAPPALA, Justice.

This appeal raises the issue of whether the authority of a police officer to arrest without a warrant extends to the summary offense of underage drinking when the defendant does not exhibit disorderly conduct, a breach of the peace, drunkenness or other irregular behavior. We affirm the decision of the Superior Court and find· that warrantless arrests under such circumstances are not authorized.

The facts in the instant case are not in dispute. On April 5, 1990, upon reporting to work at 11:00 p.m., Sergeant Bryan Lee Parana of the Johnsonburg Borough Police Department became involved in the investigation of the theft of a vehicle owned by Richard Wolfe. Wolfe had notified the police around 10:00 p.m. that he had left his keys in his truck, with the doors unlocked, and that his truck was not where he had parked it. Wolfe further stated that he left a pistol, containing a loaded clip, between the seats of the truck. At about 11:45 p.m., a radio call came in from the St. Mary's Borough Police Department, indicating that a vehicle fitting the description of Wolfe's truck had been located in a cemetery in St. Mary's. Sergeant Parana arrived at the cemetery ten minutes later, determined that the truck was registered to Wolfe, and noticed that the pistol was not in the vehicle.

In the early hours of April 6, 1990, Respondent, Richard Bullers, was hitchhiking in St. Mary's and was picked up by Keith Lucanik, who was traveling from Emporium, Pennsylvania, to Wilcox, Pennsylvania. Bullers entered the car in St. Mary's at about 2:00 or 2:30 a.m., and he exited in Johnsonburg at about 2:45 or 3:00 a.m.

At approximately 2:45 a.m., Sergeant Parana, while driving in a fully marked police cruiser, found Bullers walking on Grant Street in Johnsonburg. Sergeant Parana knew Bullers from previous juvenile proceedings against him involving theft and improper use of vehicles. Bullers stopped upon Sergeant Parana's second request, and the officer left his vehicle and approached Bullers in order to ask him questions regarding

the theft of Wolfe's truck. After engaging Bullers in conversation, Sergeant Parana detected the odor of beer on his breath. Knowing from previous experience with Bullers that he was nineteen years old, the officer arrested him for underage drinking, 18 Pa.C.S. § 6308.

Incident to the arrest, Sergeant Parana conducted a pat-down search and discovered the following items: a pen; a house key; a brown, leather credit card holder; an envelope containing a key; loose change amounting to six dollars and eighty-eight cents; a single five dollar bill; and several rolls of coins in a red canvas bag. A later search at the station revealed Wolfe's loaded, holstered pistol hidden beneath Bullers's jacket, inside his belt and against his back. Bullers had no license or permit to carry a concealed firearm.

On August 28, 1990, Bullers was found guilty by a jury of theft of a firearm, 18 Pa.C.S. § 3921, firearms not to be carried without a license, 18 Pa.C.S. § 6106(a), unauthorized use of an automobile, 18 Pa.C.S. § 3928(a), and receiving stolen property, 18 Pa.C.S. § 3925(a). Following a bench trial on October 12, 1990, where it was determined that the other items found on Bullers were stolen from cars owned by Joan LeGrys, Herbert Straub, and Pattye Vollmer, Bullers was also found guilty of three counts each of theft by unlawful taking, 18 Pa.C.S. § 3921(a), and receiving stolen property, 18 Pa.C.S. § 3925(a).

Both sets of convictions were separately reversed by the Superior Court on the same date.[1] The Superior Court held that Bullers's arrest was unlawful, since no authority exists for a warrantless arrest for the summary offense of underage drinking, and that the trial court erred by admitting the evidence which resulted therefrom. We granted allocatur in both cases on the validity of the arrest issue and consolidated the cases for argument.

1. *Commonwealth v. Bullers*, 410 Pa.Super. 176, 599 A.2d 662 (1991), and *Commonwealth v. Bullers*, 416 Pa.Super. 650, 601 A.2d 1297 (1991), respectively. The Superior Court, in the latter memorandum opinion, relied upon its published *Bullers* opinion regarding the validity of the arrest issue.

■ The standard of review of an appeal from a suppression ruling is limited to determining whether the factual findings are supported by the record, and whether the legal conclusions drawn from those facts are in error. *Commonwealth v. Whitney*, 511 Pa. 232, 512 A.2d 1152 (1986).

The rules governing procedure in summary criminal cases permit criminal proceedings to be instituted by one of the following methods: (a) issuing a citation to the defendant; (b) filing a citation; (c) filing a complaint; or (d) arresting without a warrant when arrest is specifically authorized by law. Pa. R.Crim.P. 51. It is therefore clear that statutory authorization was necessary for Bullers's arrest for underage drinking. The legality of the arrest is relevant to the derivative question of whether a search incident to the arrest was permitted under the circumstances.

The Commonwealth, as Appellant, argues that specific authority for the warrantless arrest of Bullers is found in both 18 Pa.C.S. § 6308(d) and 53 P.S. § 46121.

Section 6308 provides as follows:

§ 6308. Purchase, consumption, possession or transportation of liquor or malt or brewed beverages

(a) Offense defined.—A person commits a summary offense if he, being less than 21 years of age, attempts to purchase, purchases, consumes, possesses or knowingly and intentionally transports any liquor or malt or brewed beverages....

\* \* \* \* \* \*

(d) Notification.—The police department making an arrest for a suspected violation of subsection (a) shall so notify the parents or guardian of the minor charged.

The Commonwealth contends that the words "making an arrest" in subsection (d) imply that police are authorized to arrest an individual for underage drinking. The Commonwealth argues that "any other interpretation of this section would render the notice requirements a nullity in all cases where a citation is issued to a minor for underage drinking and an arrest was not made." The Commonwealth also

asserts that public policy would be violated if the underage drinker was not prevented from continuing to commit the unlawful offense. The Commonwealth contends that a police officer who fails to arrest a minor he suspects has been drinking might be subject to civil liability if the minor subsequently injures either himself or others because of his condition.

Although the Commonwealth raises noteworthy concerns, our court may not permit a warrantless arrest for a summary offense when our legislature has not so provided.[2] Rather than giving officers authority to make a warrantless arrest for underage drinking, § 6308(d) merely instructs officers to notify the parents of a minor charged with that offense.[3] The title of that section, "Notification.", although not

2. Regarding the Commonwealth's policy arguments, a distinction must be drawn between the act of drinking or possessing alcohol and conduct which endangers the minor and/or others. A police officer, if the circumstances allow, always has the option of arresting the underage drinker for disorderly conduct, 18 Pa.C.S. § 5503, pedestrian under the influence, 75 Pa.C.S. § 3550 (see *Commonwealth v. Neufer*, 264 Pa.Super. 553, 400 A.2d 596 (1979)), driving under the influence, 75 Pa.C.S. § 3731, public drunkenness, 18 Pa.C.S. § 5505, or other riotous conduct which is encompassed in the police power to arrest in § 46121 of the Borough Code, 53 P.S. § 46121, (discussed *infra*).

The Commonwealth confuses this distinction and argues that underage drinking falls within the statutory definition of disorderly conduct. This is simply not the law. If the defendant's behavior constitutes disorderly conduct, the officer can make an arrest on the grounds of a violation of 18 Pa.C.S. § 5503.

The facts of the instant case involve a defendant merely walking down the street and subsequently being questioned about the theft of a vehicle. The officer only knew of Bullers's drinking by the odor of beer on his breath. Bullers was not engaging in any conduct which would cause the officer to believe that he was a danger to himself or others. Had that been the case, the officer would not have been left with the sole option of issuing a citation.

3. It appears from the Superior Court opinion that the only procedure available against one accused of underage drinking is to issue a citation. We are not convinced that this conclusion is accurate since it would render the words "making an arrest" in § 6308(d) meaningless, and would preclude an officer from obtaining a warrant and then arresting the individual for the violation. The precise issue before us today, however, is whether a *warrantless* arrest under the circumstances is invalid.

controlling, supports this conclusion.[4]

The Superior Court noted that, unlike § 6308(d), other legislation which authorizes police officers to make warrantless arrests includes clear, specific granting language. The court cited 18 Pa.C.S. § 3904 (theft), and § 2711(a) (domestic violence), as well as 75 Pa.C.S. § 6304 (vehicle code violations) and § 3731 (driving under the influence of alcohol or controlled substances).

In all the aforementioned sections, the legislature clearly and unambiguously stated that the police officer "may arrest," "shall have the right of arrest," or is "hereby authorized to arrest" without a warrant. Section 6308(d) contains no such language. The police, pursuant to § 6308(d), are only directed to notify the parents of the offender.

The Commonwealth argues that 75 Pa.C.S. § 3731(c), 18 Pa.C.S. § 2711, and 18 Pa.C.S. § 3904 are inapplicable since they relate to misdemeanors and/or felonies and not summary offenses. This distinction is of no moment since these sections are cited only to demonstrate that the legislature has used specific language authorizing warrantless arrests in certain instances. It also fails to account for the fact that in the other sections the legislature has employed this specific language with regard to summary offenses.

█ This analysis, however, does not fully resolve the issue since a warrantless arrest for a summary offense may be authorized by another statute. The Commonwealth contends that authority can also be found within § 46121 of the Borough Code.

§ 46121. Appointment suspension, reduction, discharge, powers; mayor to have control

Borough council may, subject to the civil service provisions of this act, if they be in effect at the time, appoint and remove, or suspend, or reduce in rank, one or more suitable

4. Section 1924 of the Statutory Construction Act provides that "[t]he headings prefixed to titles, parts, articles, chapters, sections and other divisions of a statute shall not be considered to control but may be used to aid in the construction thereof." 1 Pa.C.S. § 1924.

persons, citizens of the United States of America, as *borough policemen,* who *shall and may,* within the borough or upon property owned or controlled by the borough or by a municipal authority of the borough whether such property is within or outside the limits of the borough, *without warrant and upon view, arrest, and commit for hearing any and all persons guilty of breach of the peace, vagrancy, riotous or disorderly conduct or drunkenness, or who may be engaged in the commission of any unlawful act tending to imperil the personal security or endanger the property of the citizens,* or for violating any ordinance of the borough for the violation of which a fine or penalty is imposed, and notwithstanding any statute pertaining to the same or similar offenses. Any person so arrested shall be received for confinement by the keepers of the jail, lockups, or station houses within the county.

53 P.S. § 46121.

The Superior Court in *Commonwealth v. Williams,* 390 Pa.Super. 493, 568 A.2d 1281 (1990), determined that § 46121 provides specific authorization to police officers to arrest for behavior encompassed within the statute. The Commonwealth argues that underage drinking falls within the statute because the hazards and dangers that may accompany it "tend to imperil the personal security" of citizens.

This argument is not persuasive. As noted in footnote two, *supra,* Bullers was merely walking down the street with the odor of beer on his breath. Surely it is a stretch of the imagination to find that this alone "tends to imperil the personal security" of Bullers and other persons in contact with him. We therefore hold that a violation of § 6308, unaccompanied by any disorderly conduct, a breach of the peace, or public drunkenness, does not fall within § 46121 of the Borough Code.

The Superior Court responded to the Commonwealth's argument by citing to *Commonwealth v. Pincavitch,* 206 Pa.Super. 539, 214 A.2d 280 (1965) and *Commonwealth v. Shillingford,* 231 Pa.Super. 407, 332 A.2d 824 (1975).

In *Commonwealth v. Pincavitch*, 206 Pa.Super. at 543, 214 A.2d at 281, the defendant had been arrested for underage drinking for "[w]alking on the street at three o'clock in the morning with the odor of liquor on ones' breath...." The Superior Court held that such behavior did not fall within the Borough Code provision authorizing arrest of persons committing a "breach of the peace, vagrancy, riotous or disorderly conduct or drunkenness, or ... any unlawful act tending to imperil the personal security or endanger the property of the citizens...." *Id.*, 206 Pa.Super. at 542, 214 A.2d at 281.

In *Commonwealth v. Shillingford*, the defendant was arrested for underage drinking when an officer at a traffic accident observed that the defendant had "red and glassy" eyes and had the odor of alcohol on his breath. A search pursuant to the arrest revealed illegal drugs. The arrest was found to be unlawful. The Superior Court there considered Rule of Criminal Procedure 102, which was in effect at the time of the incident. That rule permitted "[a]n arrest without a warrant when the offense is a summary offense which involves a breach of the peace, or endangers property or the safety of any person present...." *Id.*, 231 Pa.Super. at 410, 332 A.2d at 825. The court cited *Pincavitch* and held that the only permissible arrest without a warrant for a non-traffic summary offense occurs when the summary offense involves a breach of the peace or endangers property or the safety of any person present. *Id.*, 231 Pa.Super. at 410–411, 332 A.2d at 826.

*Shillingford* and *Pincavitch* clearly support the proposition that an officer may not arrest without a warrant solely for the violation of § 6308. The Commonwealth argues that these cases are inapplicable, however, since they involved situations occurring in 1965 and 1973, respectively, prior to the effective date of Pennsylvania Rule of Criminal Procedure 70 (effective July 1, 1986) and the amendment to 18 Pa.C.S. § 6308, adding subsection (d).

The Commonwealth supports its position by relying on the following comment made by the Superior Court in *Commonwealth v. Williams, supra:*

The present version of the Pennsylvania Rules of Criminal Procedure contains no "breach of the peace" requirement, but instead includes only a mandate that the arrest be "specifically authorized by law". Pa.R.Crim.P. 51(d). Thus, the amendment of the Rules of Criminal Procedure withdrew the foundation upon which *Shillingford* rested.

*Id.,* 390 Pa.Super. at 498, 568 A.2d at 1283.

Recognizing the above-quoted statement to be true does not alter the disposition of this case. The current rule provides that when an arrest without a warrant in a summary case is authorized by law, a police officer who exhibits some sign of authority may institute proceedings by such an arrest. Pa. R.Crim.P. 70. The Commonwealth has not established that the warrantless arrest was authorized by law. Regardless of whether *Shillingford* or *Pincavitch* retain any precedential value, statutory authority is necessary to support Bullers's arrest.

In *Williams,* the precise holding of *Shillingford* was at issue because the defendant was charged with disorderly conduct for public urination, which is a non-traffic summary offense not involving a breach of the peace or endangering property or persons present. The defendant relied on *Shillingford* and argued that the arrest was illegal. The arrest was found to be valid since Rule of Criminal Procedure 102 no longer was controlling, thus no "breach of the peace requirement" existed. More importantly, unlike the instant case, the arrest was found lawful because 53 P.S. § 46121 specifically provided for warrantless arrests for the offense of disorderly conduct.

We have herein held that underage drinking without any disorderly conduct, a breach of the peace, or public drunkenness does not fall within 53 P.S. § 46121. Since statutory authority is necessary for Bullers's arrest, and neither 18 Pa.C.S. § 6308(d) or 53 P.S. § 46121 provide such authorization, we hold that Bullers's arrest was unlawful and the evidence found by the search pursuant thereto is inadmissi-

94

ble.[5]

LARSEN, J., did not participate in the decision of this case.

PAPADAKOS, J., files a dissenting opinion.

MONTEMURO, J., who was an appointed Justice of the Court at the time of argument, participated in the decision of this case in his capacity as a Senior Justice.

PAPADAKOS, Justice, dissenting.

A plain reading of 18 Pa.C.S. § 6308(d) convinces me that the majority's interpretation has been strained beyond reality. While the majority finds justification for its construction largely by going outside of the four corners of the statute, I prefer to stay within the limits of the language itself, and in this regard I have no difficulty in deciding that the authority to arrest exists in subsection (d) for a violation of subsection (a). For all of its broad analysis, the majority opinion fails to *explain* the meaning of "making an arrest" for a suspected violator of subsection (a) by simply *ignoring* the words altogether or rolling them into the language of other types of statutes (theft, domestic violence, vehicle code).

On this basis, I further disagree with the analysis in footnote 3. The majority appears to conclude that an underage drinker can be issued only a citation or only arrested with a warrant. The terms of the statute under subsection (d) also authorizes a warrantless arrest, assuming probable cause. The words "arrest for a suspected violation of subsection (a)" must have meaning manifesting legislative intent.

---

**5.** The Commonwealth alternatively argues that if we find that no authority exists for the arrest, we should consider the admissibility of the evidence incident to a pat-down search conducted while taking Bullers into custody for purposes of notification. This claim is also meritless. The Commonwealth fails to recognize that the search was not conducted incident to a pat-down search while Bullers was in custody, but was conducted pursuant to an unlawful arrest for underage drinking.