**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Leonard ROSE, Appellant.**

Superior Court of Pennsylvania.

Submitted May 1, 2000.

Filed June 28, 2000.

Karl Baker, Philadelphia, for appellant.

Catherine L. Marshall, Assistant District Attorney, Philadelphia, for Com., appellee.

Before KELLY, J., CERCONE, President Judge Emeritus, and BROSKY, J.

CERCONE, President Judge Emeritus.

¶ 1 Appellant Leonard Rose appeals from the judgment of sentence entered after his conviction of two counts of violating the Uniform Firearms Act.[1] After review, we affirm.

¶ 2 The Trial Court has aptly set forth the facts underlying Appellant's conviction as follows

On January 12, 1999, at approximately 6:50 p.m., Philadelphia Police Officer Tracy Turk, along with other plain clothes officers conducted a surveillance in the vicinity of 7th and Rockland Streets in Philadelphia. (N.T. [Suppression Hearing, 4/22/99,] p. 4–5). The surveillance was in response to numerous complaints of narcotics sales and crowds at that location. (N.T. [Suppression Hearing,] p. 5–6). Appellant was among a group of males who were observed passing around and drinking from a 40 ounce [bottle] of beer. (N.T. [Suppression Hearing,] p. 4, 6, 16). As the officers approached to investigate, [A]ppellant went into the corner store. (N.T. [Suppression Hearing,] p. 4–5). Officer Turk testified that he approached [A]ppellant to issue a summary citation for drinking on the highway. (N.T. [Suppression Hearing] p. 6, 13).

According to Officer Turk, police procedure required him to take [A]ppellant to the police district where he would write up the citation, give it to [him] and then release [A]ppellant. (N.T. [Suppression Hearing] p. 6–7, 13, 17). Police procedure also required that prior to transport a pat down for [the] officer['s] safety must be conducted. (N.T. [Suppression Hearing] 5,7,17). During the pat down of [A]ppellant officer Turk felt a bulge in [A]ppellant's left pant leg

---

1. 18 Pa.C.S.A. §§ 6106 and 6108.

from which a gun fell to the ground. (N.T. [Suppression Hearing] at 5, 7–8). Trial Court Opinion,

¶ 3 As a result of the discovery of the gun, Appellant was charged with the two violations of the Uniform Firearms Act as discussed, *supra.* No other charges against Appellant were filed as a result of this incident.

¶ 4 Appellant filed a pretrial motion seeking to suppress the evidence of the handgun. A Suppression Hearing on this motion was held before the Honorable Gwendolyn N. Bright of the Court of Common Pleas of Philadelphia. Judge Bright denied Appellant's request to suppress the handgun. Appellant then proceeded to a non-jury trial before Judge Bright. At the conclusion of the trial, Appellant was found guilty. Appellant was sentenced on July 19, 1999 to three (3) to twenty-three (23) months incarceration to be served on house arrest, followed by three (3) years reporting probation. Appellant filed a timely notice of appeal.

¶ 5 Appellant presents one issue for our Court's consideration:

Did not the lower court err in denying appellant's motion to suppress physical evidence pursuant to the Fourth Amendment of the United States Constitution and Article I, § 8 of the Pennsylvania Constitution, where he was arrested without lawful authorization for a summary offense, and where a handgun was seized from him during a search incident to that illegal arrest?

Appellant's Brief at 3.

¶ 6 We have stated, in prior cases, our standard of review for the denial of a suppression motion as follows:

In reviewing the denial of a motion to suppress, our responsibility is to determine whether the record supports the suppression court's factual findings and the legitimacy of the inferences and legal conclusions drawn from those findings. If the suppression court held for the prosecution, we consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. When the factual findings of the suppression court are supported by the evidence, the appellate court may reverse if there is an error in the legal conclusions drawn from those factual findings.

*Commonwealth v. Kiner,* 697 A.2d 262, 264 (Pa.Super.1997); *Accord Commonwealth v. Devine,* 2000 Pa.Super 114, ¶ 5, 750 A.2d 899 (Pa.Super.2000); *Commonwealth v. Perry,* 710 A.2d 1183, 1184 (Pa.Super.1998).

¶ 7 However, where the factual determinations made by the suppression court are not supported by the evidence, we may reject those findings. *Commonwealth v. Benton,* 440 Pa.Super. 441, 655 A.2d 1030, 1032 (1995) *citing Commonwealth v. Burnside,* 425 Pa.Super. 425, 625 A.2d 678, 680 (1993). Only factual findings which are supported by the record are binding upon this court. *Id.* Likewise, if the suppression court misapplies the law, we are also required to reverse the suppression court's determination. *Commonwealth v. Queen,* 536 Pa. 315, 318, 639 A.2d 443, 445 (1994).

¶ 8 Appellant argues that his arrest was unlawful. Specifically he contends that since the arresting officer merely observed Appellant committing a non-violent summary offense the officer was authorized only to issue a citation. Therefore, he reasons that because the arrest was unlawful, the search incident to arrest was unlawful as well, and the gun found during the search should have been suppressed. Our review of the record and the relevant caselaw compels us to disagree.

¶ 9 Officer Turk observed Appellant drinking beer with his companions on a public street corner. N.T. Suppression Hearing, *supra,* at 4–6. By drinking beer in a public place, Appellant was violating

Title 10, Section 604 of the Philadelphia City Code, which provides in relevant part:

(1) *Definitions*

(a) *Alcoholic Beverages.* All "liquor" and "malt or brewed beverages" as defined by the Pennsylvania Liquor Code, 47 P.S. § 1–102.

(b) *Public Right–of–Way.* All public streets, alleys sidewalks, steps and other corridors through which either vehicles or persons may travel, including motor vehicles parked within such right-of-way.

(2) *Prohibited Conduct*

\* \* \*

(b) No person shall consume alcoholic beverages or carry or possess an open container of alcoholic beverages in the public right-of-way, . . . .

\* \* \*

(4) *Penalties.* The penalty for violation of any of the provisions of this Section shall be a fine of at least fifty dollars ($50.00) per violation but not to exceed ($300.00) per violation. The failure to pay the fine within ten (10) days shall result in imprisonment for a period not exceeding ten (10) days, together with costs. Such penalties shall be enforced by the Philadelphia Police Department.

Philadelphia Code of Ordinances and Home Rule Charter § 10–604.

¶ 10 A criminal proceeding instituted for a violation of this Philadelphia City Ordinance constitutes a summary case since the violator's failure to pay the fine imposed by the ordinance may result in his or her incarceration. *See* Comment to Pa.R.Crim.P. 51 ("Summary cases are cases in which all the offenses charged are either summary offenses as charged in the Crimes Code, 18 Pa.C.S.A. § 106, or violations of ordinances for which imprisonment may be imposed upon conviction or upon failure to pay a fine or penalty.")

¶ 11 In *Commonwealth v. Bullers*, 536 Pa. 84, 637 A.2d 1326 (1994), the Supreme Court noted that Pennsylvania Rule of Criminal Procedure 51 [2] provided four circumstances under which summary criminal cases may be instituted: (a) issuing a citation to the defendant; (b) filing a citation; (c) filing a complaint; or (d) arresting without a warrant when arrest is specifically authorized by law. *Id.* at 88, 637 A.2d at 1328. *Accord Commonwealth v. Williams*, 390 Pa.Super. 493, 568 A.2d 1281, 1284 (1990). Thus, it is clear that in order for Officer Turk to have arrested Appellant for violating the Philadelphia City Ordinance the arrest must have been specifically authorized by law.

¶ 12 The ordinance itself does not expressly allow for arrest upon violation. However, as the Commonwealth notes, the State Legislature has conferred authority on police officers in the City of Philadelphia to arrest individuals for violating city ordinances. The relevant statutory provision granting such authority provides as follows:

**§ 13349. Summary proceedings for violation of ordinances**

Any police officer or constable, upon view of the breach of any ordinance of any city of the first class, is authorized to forthwith arrest the person or persons so offending, without any process, and to take said person or persons forthwith before any police magistrate or alderman of said city, who shall thereupon require bail for the appearance of said person at a time to be fixed for the hearing of said charge, and in default of bail to commit for a hearing; and at said hearing the case shall be proceeded with

**2.** RULE 51. MEANS OF INSTITUTING PROCEEDINGS IN SUMMARY CASES

Criminal *proceedings in* summary cases shall be instituted either by:

(a) issuing a citation to the defendant; or

(b) filing a citation; or

(c) filing a complaint; or

(d) arresting without a warrant when arrest is specifically authorized by law.

as if the parties were appearing before said magistrate or alderman upon a summons duly issued and returned served, or if both parties desire it the case may be entered and determined by the magistrate or alderman in like manner, without requiring bail or further continuance.

53 P.S. § 13349.[3]

Hence, as Appellant was personally observed by Officer Turk violating a city ordinance by drinking beer in a public place, he was expressly authorized by this statute to arrest Appellant.

¶ 13 We find support for this conclusion from our Court's prior decision in the case of *In Interest of William M.*, 440 Pa.Super. 140, 655 A.2d 158 (1995), *appeal denied*, 542 Pa. 649, 666 A.2d 1058 (1995). In that case, a Philadelphia Police officer observed a juvenile sitting outside a restaurant at 1:00 a.m. After ascertaining the juvenile's age, the officer placed him under arrest for a curfew violation. A search of the juvenile incident to arrest revealed that the juvenile was carrying cocaine. *Id.* at 158–159.

¶ 14 In appealing his conviction to our Court, the juvenile argued that the evidence obtained as a result of the arrest should have been suppressed since the officer had no authority to make the initial arrest. Our Court disagreed and found that both the ordinance governing curfew violations and 53 P.S. § 13349 each provided independent grounds for the officer to make such an arrest. *Id.* at 161–162. Our Court noted: "By its terms, section 13349 permits an arrest where ... a police officer observes a breach of a city ordinance." *Id.* at 163.

¶ 15 In sum, as Officer Turk was empowered to arrest Appellant for violating Philadelphia City Ordinance § 10–604, the arrest was valid and therefore the search of Appellant incident to arrest, which dis-

closed the gun, was also proper. *See Commonwealth v. Wright*, 560 Pa. 34, 41–42, 742 A.2d 661, 665 (1999) (search incident to arrest valid if it is substantially contemporaneous to the arrest and confined to the immediate vicinity of the arrest). Therefore, Judge Bright correctly denied Appellant's suppression motion.

¶ 16 Judgment of Sentence affirmed.

---

**3.** The statute refers to "any city of the first class," however Philadelphia is the only city of the first class in Pennsylvania. *City of* *Philadelphia v. Pennsylvania Labor Relations Board*, 531 Pa. 489, 494, n. 1, 614 A.2d 213, 216, n. 1 (1992).