

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-24-2006

# USA v. William

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1256

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. William" (2006). *2006 Decisions.* Paper 303.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/303

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 05-1256

————

UNITED STATES OF AMERICA,

Appellee,

v.

CALVIN WILLIAM,

Appellant.

————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cr-315)
District Judge: Honorable Thomas N. O'Neill, Jr.

————

Submitted Under Third Circuit LAR 34.1(a),
September 12, 2006

Before: FUENTES, FISHER and BRIGHT,* Circuit Judges.

(Filed: October 24, 2006)

---

* The Honorable Myron H. Bright, Senior Judge, United States Court of Appeals
for the Eighth Circuit, sitting by designation.

OPINION OF THE COURT

FUENTES, <u>Circuit Judge</u>.

Appellant Calvin William challenges his conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On appeal, William argues that the District Court erred in denying his motion to suppress the gun as evidence obtained in connection with an illegal search. We review the District Court's denial of a motion to suppress for clear error as to the underlying factual findings and exercise plenary review of the District Court's application of the law to those facts. <u>United States v. Williams</u>, 413 F.3d 347, 351 (3d Cir. 2005). For the reasons that follow, we will affirm William's conviction and sentence.

## I.    Background

At approximately 6 p.m. on March 7, 2002, William went to a Philadelphia convenience store owned by David Johnson and demanded to see Joseph Boyer, one of Johnson's former employees. Johnson informed William that he did not know Boyer's whereabouts and that Boyer no longer worked for him. Upset, William told Johnson that he would return at 9 p.m., and that if Boyer was not at the store, or if Johnson did not pay him the money that Boyer owed him, he would "shoot up" the store, and then go across the street to Boyer's grandmother's house, drag her outside, and shoot her. William then

drove off.

Johnson immediately went to the local police precinct and filed a complaint. After the police interviewed him, Johnson returned to his home, which was located just above the convenience store. At approximately 7 p.m., two uniformed officers in a marked police vehicle parked directly across from the convenience store and waited. At about 8:50 p.m., the officers observed William drive up in a Ford Expedition, exit the vehicle, and bang on Johnson's door. After William and Johnson exchanged a few words, Johnson stepped out of the doorway toward the officers and pointed at William. The officers got out of their vehicle and arrested William for making terroristic threats, a misdemeanor offense under Pennsylvania law. A pat-down revealed a small quantity of marijuana in William's pants pocket. The officers then instructed the two female passengers who had been sitting in the Ford Expedition to exit the vehicle. During a search of the vehicle, officers found a loaded .380 caliber handgun wrapped in a black knit skull cap in the center console between the driver and passenger seats.

A grand jury in the Eastern District of Pennsylvania returned an indictment charging William with being a felon in possession of a firearm. Prior to trial, William filed a motion to suppress the gun seized from the Ford Expedition. After a suppression hearing, the District Court denied William's motion, finding that (1) the search was incident to a lawful arrest, and (2) in any event, the officers had probable cause to search the vehicle. On June 4, 2004, a jury returned a guilty verdict and William was subsequently sentenced to fifteen years imprisonment for the firearms offense.

3

**II. Analysis**

On appeal, William argues that the officers did not have probable cause to arrest him for making terroristic threats; therefore, the officers' search of the vehicle cannot be justified as a search incident to a lawful arrest. We do not agree.

The lawfulness of an arrest is determined by looking at the law of the state where the arrest was made. United States v. Myers, 308 F.3d 251, 255 (3d Cir. 2002) (citing Ker v. California, 374 U.S. 23, 37 (1963)). Under Pennsylvania law, an officer may carry out a warrantless arrest for a misdemeanor if the offense is committed in the presence of the officer making the arrest. Pa. R. Crim. P. 502; Meyers, 308 F.3d at 256 (citing Commonwealth v. Clark, 735 A.2d 1248, 1251 (Pa. 1999); Commonwealth v. Bullers, 637 A.2d 1326, 1329 (Pa. 1994)). A warrantless arrest is "'reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed.'" Wright v. Philadelphia, 409 F.3d 595, 601 (3d Cir. 2005) (quoting Devenpeck v. Alford, 543 U.S. 146 (2004)).

Officers arrested William for the misdemeanor offense of making terroristic threats in violation of 18 PA. CONS. STAT. ANN. § 2706. Section 2706 provides, in relevant part:

> (a) A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to:
>     (1) commit any crime of violence with intent to terrorize another . . . .

18 PA. CONS. STAT. ANN. § 2706(a)(1). In order to prove a violation of § 2706, the evidence must show that (1) the defendant made a threat to commit a crime of violence;

4

and (2) the threat was communicated with the intent of terrorizing another or with reckless disregard for the risk of causing such terror. Commonwealth v. Kelley, 664 A.2d 123, 127 (Pa. Super. Ct. 1995). "[T]he harm sought to be prevented by the statute is the psychological distress which follows from the invasion of another's sense of personal security." Commonwealth v. Hudgens, 582 A.2d 1352, 1358 (Pa. Super. Ct. 1990). "Neither the ability to carry out the threat nor the belief by the person threatened that it will be carried out is an essential element of the crime." Commonwealth v. Anneski, 525 A.2d 373, 376 (Pa. Super. Ct. 1987).

At the time of the arrest, the officers had a credible first-hand report that William had threatened to "shoot up" Johnson's store and shoot Boyer's grandmother if William did not receive the money that Boyers allegedly owed him; the officers witnessed William return to the convenience store at almost precisely the time he told Johnson that he would return to carry out the threat; the officers watched William confront Johnson in the doorway of Johnson's home, where the two men exchanged words; and, Johnson signaled to the officers that William was the same person who had threatened him earlier in the day. In light of these circumstances, we have little trouble concluding that the arresting officers had probable cause to believe that William had violated § 2706 when he returned to see Johnson a second time See Wright, 409 F.3d at 602 ("An arrest was made with probable cause if 'at the moment the arrest was made . . . the facts and circumstances within the [officer's] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [the suspect] had

5

committed or was committing an offense.'" (quoting United States v. Beck, 379 U.S. 89, 91 (1964)).

William's reliance on Myers in support of his argument that the officers did not have probable cause to arrest him for making terroristic threats is entirely misplaced. In Myers, officers responded to a report of a domestic disturbance involving a gun and, upon entering the defendant's residence, heard a man and a woman arguing. 308 F.3d at 253. One of the officers went to the second floor of the apartment and found the defendant hiding behind a door while a woman, who was visibly upset, stood nearby. Id. A subsequent search of a duffel bag in the defendant's possession revealed a handgun, which was later introduced as evidence necessary to convict the defendant of a firearm possession offense. Id. at 254. We held that these facts did not support the district court's conclusion that the officers had probable cause to arrest the defendant for simple assault or domestic abuse; therefore, the search of the duffel bag could not be justified as a search incident to a lawful arrest. Id. at 258. As we stated in Myers, "the only fair interpretation of the [arresting officer]'s testimony is that he concluded that [defendant] had been in a quarrel with [his wife], and that [defendant] had a gun. That does not establish a reasonable belief that [defendant] assaulted [his wife], and it certainly does not establish any assault in the officer's presence." Id.

The facts in this case are distinguishable from the facts presented in Myers. As previously discussed, it was reasonable for the officers to infer from what Johnson told them and from what they witnessed that William had, while in the their presence,

6

threatened Johnson with violence. Accordingly, we reject William's argument that his arrest was unlawful.

Moreover, even if William's arrest was not incident to a lawful arrest, we agree with the District Court that the officers' search of the vehicle was nevertheless proper under the "automobile exception" to the warrant requirement. See United States v. Burton, 288 F.3d 91, 100-01 (3d Cir. 2002). "The automobile exception to the warrant requirement permits law enforcement to seize and search an automobile without a warrant if 'probable cause exists to believe it contains contraband.'" Id. at 100 (citing Pennsylvania v. Labron, 518 U.S. 938, 940 (3d Cir. 2002)). For substantially the same reasons that we concluded that the officers had probable cause to arrest William for violation of § 2706 – Johnson's report that William threatened to shoot up the store and shoot Boyer's grandmother; William's return to the store several hours later as promised; William's second confrontation with Johnson; Johnson's signal to the officers that William was the same person who had threatened him earlier in the day; and the fact that the pat-down revealed the presence of drugs – we also conclude that the officers had probable cause to believe that there was a firearm or other contraband in the Ford Expedition.

III. **Conclusion**

For the foregoing reasons, we agree with the District Court's denial of the motion to suppress and will affirm William's conviction and sentence.