**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| PEDRO G. SIERRA | |
| Appellant | No. 904 EDA 2015 |

Appeal from the Judgment of Sentence March 13, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004349-2013

BEFORE:  BOWES, PANELLA AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 19, 2016**

Pedro G. Sierra appeals from the judgment of sentence of three to six years imprisonment that was imposed after he was convicted of three violations of the Uniform Firearms Act, possession of a controlled substance, and breach of the Philadelphia ordinance prohibiting urination in public.  We reject Appellant's challenge to the court's refusal to suppress the gun and drugs seized during his interdiction with police and therefore affirm.

The suppression court rendered the following factual findings, which are unchallenged on appeal.  At about midnight on March 16, 2013, Southeastern Pennsylvania Transit Authority ("SEPTA") police officers John Davile and Daniel Caban were patrolling in the area of the SEPTA bus station located at 5300 Frankford Avenue, Philadelphia.  While they were parking

_____
* Retired Senior Judge assigned to the Superior Court.

their car, they observed Appellant urinating on the bus terminal wall in clear view of members of the public and in violation of a Philadelphia ordinance prohibiting public urination. Appellant refused multiple requests to produce identification and appeared to be under the influence of either drugs or alcohol. Appellant also continually reached toward his waistband, ignoring commands to keep his hands on the wall in view of the officers. Appellant was arrested for public urination, handcuffed, and searched. The officers recovered a handgun and a bag of narcotics.

Appellant was thereafter charged with possession of a firearm by a prohibited person, possession of an unlicensed firearm, possession of a firearm on public property in Philadelphia, possession of a controlled substance (cocaine), and a violation of the Philadelphia ordinance prohibiting public urination. After litigating an unsuccessful suppression motion on January 9, 2015, Appellant immediately proceeded to a nonjury trial, where he was convicted of all charges.

On March 13, 2015, the matter proceeded to sentencing, and Appellant received a term of imprisonment of three to six years for possession of a firearm by a prohibited person. Concurrent sentences were given on the remaining criminal offenses, and the court imposed no penalty due to Appellant's violation of the ordinance.

This timely appeal followed. Appellant presents one issue for our review: "Whether the court erred in failing to grant the motion to suppress

the physical evidence?" Appellant's brief at 4. Our standard of review in the suppression setting is to ascertain if the record supports the suppression court's findings and if the legal conclusions derived from those findings are correct. **Commonwealth v. Haslam**, 138 A.3d 680 (Pa.Super. 2016). Since the Commonwealth prevailed in the present case, we are limited to considering its evidence and the evidence of the defendant only to the extent the defense evidence is not contradicted. **Id**. It is firmly within the "suppression court's sole province to make credibility determinations." **Id**. at 686 (citation omitted).

In the present case, the suppression court found that Officers Davile and Caban testified truthfully when they stated that they saw Appellant urinating in public. Based upon their testimony, the court opined that they properly placed Appellant under arrest for public urination and that the discovery of the weapon and drugs was lawful as a search incident to that arrest. Appellant's position is that the officers lacked reasonable suspicion and statutory authority to arrest him for violating the Philadelphia ordinance prohibiting public urination.[1]

---

[1] Recognizing that the search in question could alternatively be upheld as a safety search, Appellant also insists that the evidence was not recovered pursuant to a lawful **Terry** stop and frisk. As we conclude that the evidence was obtained during a valid search incident to arrest, we do not need to address this contention.

We conclude that the court did not commit legal error in ruling that Officers Davile and Caban were permitted to arrest Appellant for violating the ordinance in question. Section 13349 of Title 53 of the Pennsylvania Statutes states that "any police officer, upon view of the breach of any ordinance of any city of the first class, is authorized to forthwith **arrest** the person or persons so offending, without any process[.]" 53 P.S. § 13349[2] (emphasis added). While the statute refers to "any city of the first class," Philadelphia is presently the only first class city in Pennsylvania. *Spahn v. Zoning Board of Adjustment*, 977 A.2d 1132 (Pa. 2009). Accordingly, in *Commonwealth v. Rose*, 755 A.2d 700 (Pa.Super. 2000), we specifically

---

[2] The full text of that statute provides:

> Any police officer or constable, upon view of the breach of any ordinance of any city of the first class, is authorized to forthwith arrest the person or persons so offending, without any process, and to take said person or persons forthwith before any police magistrate or alderman of said city, who shall thereupon require bail for the appearance of said person at a time to be fixed for the hearing of said charge, and in default of bail to commit for a hearing; and at said hearing the case shall be proceeded with as if the parties were appearing before said magistrate or alderman upon a summons duly issued and returned served, or if both parties desire it the case may be entered and determined by the magistrate or alderman in like manner, without requiring bail or further continuance.

53 P.S. § 13349. Section 13349 was amended in 2009 so as to eliminate the authority of constables to arrest. P.L. 494, No. 49, § 4(2)(x), effective December 8, 2009.

held that § 13349 authorizes an arrest for violation of an ordinance enacted by the City of Philadelphia.

Appellant relies upon **Commonwealth v. Bullers**, 637 A.2d 1326 (Pa. 1994), where our Supreme Court rejected the Commonwealth's position that a police officer lawfully arrested the defendant for underage drinking, a summary offense. **See** 18 Pa.C.S. § 6308(a). The Court analyzed the rule governing summary offenses, which was then numbered Pa.R.Crim.P. 51 and which is now Pa.R.Crim.P. 400. Pa.R.Crim.P. 400 provides, "Criminal proceedings in summary cases shall be instituted either by: (1) issuing a citation to the defendant; or (2) filing a citation; or (3) filing a complaint; or (4) **arresting without a warrant when arrest is specifically authorized by law**." (emphasis added).

In **Bullers**, the Commonwealth argued that the legal authority for the arrest could be found in the statute prohibiting underage drinking, 18 Pa.C.S. 6308, which states in pertinent part: "Notification. -- The police department making an arrest for a suspected violation of subsection (a) shall so notify the parents or guardian of the minor charged." 18 Pa.C.S. § 6308(d). In rejecting this position, our Supreme Court noted that there was no express authorization to arrest a minor for underage drinking in § 6308(d), merely a provision for notification of the parents should such an arrest be made.

The **Bullers** Court likewise rejected the Commonwealth's position that the arrest was lawful under 53 P.S. § 46121, which permits borough police officers to make an arrest for "breach of the peace, vagrancy, riotous or disorderly conduct or drunkenness" or to arrest someone "who may be engaged in the commission of any unlawful act tending to imperil the personal security or endanger the property of the citizens." 53 P.S. § 46121. Our High Court noted that, when arrested, "Bullers was merely walking down the street with the odor of beer on his breath," and it concluded that "it is a stretch of the imagination to find that this alone 'tends to imperil the personal security' of Bullers and other persons in contact with him." **Bullers**, **supra** at 1329. The Court thus held that a violation of § 6308, without accompanying disorderly conduct or a breach of the peace, does not fall within § 46121.

Appellant herein likens his situation to that of Bullers, maintaining that he performed no action that could be viewed as a breach of the peace, riotous, disorderly, or one that imperiled his personal security or that of the public. Appellant, however, ignores that ordinances of cities of the first class, *i.e.*, Philadelphia, are accorded special status, and police officers are statutorily authorized to arrest someone for violating a Philadelphia ordinance. **Rose**, **supra**; **see also In Interest of William**, 655 A.2d 158 (Pa.Super. 1990) (upholding juvenile's arrest for a curfew violation, where the curfew ordinance specifically authorized an immediate arrest).

Appellant does not contest that he violated a Philadelphia ordinance by urinating in public; hence, his arrest was valid as it was authorized by 53 P.S. § 13349. In light of this conclusion, we apply the following precept:

> An arresting officer may, without a warrant, search a person validly arrested, and the constitutionality of a search incident to a valid arrest does not depend upon whether there is any indication that the person arrested possesses weapons or evidence as the fact of a lawful arrest, standing alone, authorizes a search.

***Commonwealth v. Ventura***, 975 A.2d 1128, 1139 (Pa.Super. 2009) (citation omitted).

Herein, the gun and drugs were discovered as a search incident to a valid arrest. The suppression court's legal conclusions, as derived from its unchallenged findings of fact, are unassailable. Hence, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2016