Com. of Pa. *v.* John Doe, Appellant.

Argued April 19, 1933. Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

188

*Warren H. Van Kirk,* and with him *H. L. Abrams,* for appellant.—A constable cannot arrest without a warrant for a misdemeanor, unless he was present at the commission of the offense: Commonwealth v. Rubin, 82 Pa. Superior Ct. 315; Rarick v. McManomon, 17 Pa. Superior Ct. 154.

No appearance and no printed brief for appellee.

OPINION BY TREXLER, P. J., July 14, 1933:

A verdict of guilty of assault and battery was found against the defendant. The evidence of the prosecution showed that one Morris J. McCann was duly elected constable of the 16th Ward of the City of Pittsburgh, and saw lodged in the back seat of an automobile parked on Carey Way in said city, what is known as a number book often used in the operating of a lottery. He did not know who the owner of the automobile was, but knew that he had seen the defendant driving it on other occasions. The defendant came to the car and got in. The constable asked him about the numbers business, and he replied he knew nothing about it. The constable then took the key to the car and refused to allow the defendant to start the machine. The defendant then left the car and started to walk away, saying he did not have to explain any-

thing, that he was going. The constable then stepped in front of him and the defendant shoved him out of the way, using no more force than was necessary to push him aside, whereupon the constable arrested him for assault and battery. The officer testified that he had received complaints against the defendant, and was looking to see if he operated a lottery. He also testified that he did not approach him with the intention of arresting him, but only to ask him some questions. He further testified that he had never seen the defendant operating a lottery.

The court held that, the officer had a right to search the car, if he saw therein a lottery book. He further instructed the jury: "We say to you this officer was within his rights when searching that car for the purpose and was within his rights in finding out from the defendant whether or not it was his property and if the defendant pushed him out of the way when he was attempting to prevent him from going on with the car, he would be guilty of assault and battery."

We need not inquire as to whether the constable had any right to search the car for that is not the question which is before us.

McCann's own testimony is that he stopped the defendant when he was getting into the car, he prevented him from starting the car by turning off the ignition, preventing him from putting the key in and his reason for doing so was because the defendant refused to explain to him "something of this number business." The defendant then stepped out of the car and started to walk away. The constable got in front of him and stopped him, whereupon, the defendant pushed the constable twice with just enough force to push him out of the way. McCann weighed 180 pounds.

Under the old English law in a case of affray, or any other action, which would tend to a breach of the peace, constables are authorized to arrest, without

warrant. Our law recognizes the same right in them, and under our statutes they have the right to seize gambling devices, or arrest, on view, persons violating certain provisions of the Game and Forest Laws, and those regarding the pollution of streams, etc.

We have here in the case before us, a man walking away from a car which he had attempted to enter. He had committed no crime within sight of the officer, he had a right to go wherever he pleased, and the constable had no right to stop him. The officer by interposing his body sought to stop him, and thus prevent defendant's further progress, the latter had the right to push him aside using as much force as was reasonably necessary. He was not required to remain and submit to the inquiries of the officer. Freedom of locomotion, although subject to proper restriction, is included in the "liberty" guaranteed by our Constitution.

The judgment of the lower court is reversed, and the defendant is discharged without day.

KELLER, J., dissents.