## Commonwealth v. Thompson, Appellant.

Argued November 13, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Darlington Hoopes,* with him *Hoopes and Hoopes,* for appellant.

*Grant E. Wesner,* Assistant District Attorney, with him *Robert L. Van Hoove,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 18, 1971:

Order affirmed.

Mr. Justice EAGEN filed a dissenting opinion, in which Mr. Justice ROBERTS joined.

Mr. Justice COHEN took no part in the decision of this case.

DISSENTING OPINION BY MR. JUSTICE EAGEN:

The appellant in this case, William L. Thompson, following his conviction of assault and battery on a po-

lice officer was sentenced to pay a fine of $400 and to serve a term of 2 to 12 months in prison.[1]

According to the testimony, Thompson and two companions, after a confrontation on a public street with the officer involved, were informed they were under arrest for disorderly conduct and loitering. Thompson, protesting his innocence, entered his automobile and attempted to leave the scene. The officer, in order to prevent Thompson's departure, reached in the automobile to take possession of the keys of the automobile from the dashboard, and Thompson grabbed his wrist causing a sprain of the muscles in that area of the arm.

It is admitted by the Commonwealth that Thompson was not guilty of "loitering," and, hence, unless the existing circumstances warranted the officer in placing Thompson under arrest for disorderly conduct, his conviction of assault and battery cannot stand. A person may use reasonable and apparently necessary force to resist a forcible unlawful arrest. Cf. *Commonwealth v. John Doe*, 109 Pa. Superior Ct. 187, 167 A. 241 (1933); see 6 Am. Jur. 2d, Assault and Battery §79. In my view, the circumstances did not justify Thompson's arrest for disorderly conduct, and the force he used in resisting this unlawful forcible arrest was not unreasonable.

To be guilty of the crime of disorderly conduct in Pennsylvania, one must act in such a manner as to disturb the peace and dignity of the community. *Commonwealth v. Greene*, 410 Pa. 111, 189 A. 2d 141 (1963). While the testimony in the instant case supports a finding that Thompson directed abusive and foul language towards the officer, which behavior I

---

[1] The Superior Court sustained the judgment of sentence without opinion, but three members of the court noted a dissent. 217 Pa. Superior Ct. 736, 266 A. 2d 564 (1970). We granted allocatur.

do not condone, I am not persuaded that his conduct tended to disturb the peace and dignity of the community.

I dissent and would reverse.

Mr. Justice ROBERTS joins in this dissenting opinion.