J-S49042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:            PENNSYLVANIA
:
v.   :
:
:
:
MICHAEL ANTHONY JONES, JR.   :
:
Appellant   :   No. 397 MDA 2018

Appeal from the Judgment of Sentence February 5, 2018
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0000887-2017

BEFORE:   SHOGAN, J., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:        **FILED SEPTEMBER 18, 2018**

Appellant Michael Anthony Jones, Jr., appeals from the judgment of sentence entered in the Court of Common Pleas of Adams County on February 5, 2018, following his guilty plea to a single count of Possession with Intent to Deliver a Controlled Substance (PWID).[1]  Following our review, we affirm.

On November 10, 2017, Appellant entered an open guilty plea to one count of PWID.  Appellant's charge arose out of the execution of a search warrant at a home in Adams County on July 28, 2017.  When officers entered the residence, Appellant fled from the first floor and ultimately was discovered hiding in the corner of the attic.  A search of Appellant revealed a plastic baggie containing 14 grams of heroin in his right front pocket.  Officers also found a bundle of smaller baggies of suspected heroin in that pocket.

---

[1] 35 Pa.C.S.A. § 780-113(a)(30).

---

*   Former Justice specially assigned to the Superior Court.

Appellant was arrested and charged with possession of fourteen (14) grams of heroin with the intent to deliver. At that time, Appellant had absconded from house arrest in Philadelphia where he had two pending robbery charges. *See* Presentence Investigation Report (PSI) at 4-5.

At the sentencing hearing held on February 5, 2018, Appellant requested a prison sentence in the standard guideline range of nine (9) months to sixteen (16) months and expressed his remorse for his crime. N.T. Sentencing, 2/5/18, at 3-9. The Commonwealth asked the trial court to impose an aggravated-range sentence of two (2) years to four (4) years in prison in light of Appellant's pending robbery charges in Philadelphia and his lack of any connection to Adams County. N.T. Sentencing, 2/5/18, at 3.

After hearing the parties' respective arguments and Appellant's statement, and having the benefit of a PSI, the trial court entered an Order which was filed as a separate and distinct document. That Order reads, in relevant part, as follows:

\*\*\*

The [c]ourt has received and reviewed a presentence investigation report. [Appellant] has four arrests with one conviction. Standard guideline range is 9 to 16. [Appellant] has no known ties to the Adams County community and the facts of this case are that he was in possession of 14 grams of heroin with the intent to deliver it here in Adams County.

Based upon the nature of the offense, the fact that [Appellant] is bringing heroin into our community from outside, selling it to residents living here within Adams County, the sentence of the [c]ourt is that [Appellant] will serve no less than two years nor more than four years in a state correctional institution designated by the State Department of Corrections.

***

Order of Court, filed 2/7/18, at ¶¶ 2-3.

When the trial court asked Appellant if he had any questions, Appellant indicated he did and the following exchange ensued:

> [Appellant]: I understand that I didn't have any ties to anything out here at Adams County as well as the fact that I didn't have like—in my discovery it don't say that I had any relationships or any dealings with anybody out here that I was just caught. I just had the heroin in my possession.
> [The Court]: Well, as you indicated in your observation earlier is that we are fairly strict here and we do take that seriously. Your attorney has recognized and everyone knows that heroin is a poison killing people. So anyone that has it in their possession with intent to deliver is going to be dealt with in the most severe manner. So that's the rational[e] of my sentencing and I do wish you good luck.

N.T. Sentencing, 2/5/18, at 10.

On March 5, 2018, Appellant filed a timely notice of appeal. On that same date, the trial court directed Appellant to file a concise statement of the matters complained of on appeal within twenty-one (21) days pursuant to Pa.R.A.P. 1925(b). On March 26, 2018, Appellant filed his concise statement wherein he raised the following issue:

> 1. The [c]ourt abused its discretion when it found [Appellant's] lack of residency in Adams County to be an aggravating factor for purposes of sentencing [Appellant] to a period of incarceration in excess of the Standard Guideline Range.

In his brief, Appellant presents the following Statement of Question Involved:

Did the lower court impose an illegal sentence when it imposed a disparate "out-of-county" sentence, namely that it used Appellant's non-residency as the only extraneous factor to aggravate his sentence?

Brief for Appellant at 5.

The manner in which Appellant has framed his issue on appeal conflates a challenge to the discretionary aspects of his sentence and a challenge to the legality of his sentence, although it is well-established that such claims are distinct. In his concise statement, Appellant essentially asserts his sentence was excessive, and a claim that a sentence is harsh and excessive implicates the discretionary aspects of a sentence. *Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa.Super. 2014). However, in his appellate brief, Appellant challenges the legality of his sentence, arguing it violates his equal protection rights guaranteed by the Fourteenth Amendment of both the United States and Pennsylvania Constitutions. A challenge to the legality of one's sentence is a question of law. *Commonwealth v. Barnes*, 167 A.3d 110, 116 (Pa.Super. 2017)(*en banc*).

Before reaching the merits of Appellant's discretionary aspects of sentence claim, we first must determine whether this Court has jurisdiction in this case, for challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Glass*, 50 A.3d 720, 726 (Pa.Super. 2012), *appeal denied*, 63 A.3d 774 (Pa. 2013). In doing so, we engage in a four-part analysis to determine:

(1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. ... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa.Super. 2014) (citation omitted), *appeal denied*, 109 A.3d 678 (Pa. 2015).

It is well-established that "[o]bjections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010). Moreover, an appellant cannot raise a discretionary challenge to his or her sentence for the first time in a Rule 1925(b) statement. *See Commonwealth v. Coleman*, 19 A.3d 1111, 1118 (Pa.Super. 2011) (issues raised for the first time in Rule 1925(b) statement are waived); *See also Commonwealth v. Watson*, 835 A.2d 786, 791 (Pa.Super. 2003) ("a party cannot rectify the failure to preserve an issue by proffering it in" in a Rule 1925(b) statement).

Herein, the record reflects that while Appellant filed a timely notice of appeal, he did not raise the issue he presented in his concise statement before the trial court at the time of sentencing, nor did he file a post-sentence motion preserving the same. Because Appellant failed to preserve a challenge to the discretionary aspects of his sentence before the trial court, he failed to satisfy the second prerequisite to appellate review under *Colon*, 102 A.3d at 1042–

43. We, therefore, may not exercise our discretion to resolve his discretionary aspects of sentencing claim. Accordingly, we find this issue waived.

Notwithstanding, in his appellate brief Appellant challenges the legality of his sentence.

> Generally, an appellant cannot raise new legal theories for the first time on appeal. Pa.R.A.P. 302(a); **Commonwealth v. Truong**, 36 A.3d 592, 598 (Pa.Super. 2012) (*en banc*), *appeal denied,* 618 Pa. 688, 57 A.3d 70 (2012). Notwithstanding, because Appellant's claim presents a challenge to the legality of his sentence, it is not waived, even though Appellant raised it for the first time in his appellate brief. **Commonwealth v. Barnes**, 637 Pa. 493, 495, 151 A.3d 121, 122 (2016). Legality–of–sentence claims are not subject to traditional waiver doctrine. **Commonwealth v. Wolfe**, 636 Pa. 37, 51, 140 A.3d 651, 660 (2016)."

**Commonwealth v. Golson**, 2018 WL 2473514, at *5 (Pa.Super. filed June 4, 2018). Thus, we will review Appellant's challenge to the legality of his sentence, and in doing so "we are mindful that our standard of review is *de novo*, and our scope of review is plenary." **Id**. (citation omitted).

Appellant claims "[t]his case involves a sentence which explicitly considered and punished the exercise of Appellant's constitutional right of intrastate travel." Brief for Appellant at 2. Appellant reasons that as a result, the trial court not only misapplied the sentencing guidelines but also imposed an illegal sentence as "it implicates Appellant's due process guarantees and violates his right to equal protection under the law." **Id**. Appellant posits he has a right to freedom of movement and to travel unfettered within the Commonwealth of Pennsylvania and reasons these rights were violated by the

trial court's imposition of an "out-of-town tax," namely an aggravated-range sentence based on the sole extraneous factor that he did not reside in Adams County. *Id*. at 11, 14-15, 18. Following our review of the record, we disagree.

It is true that in a general sense, citizens enjoy a constitutional right to freedom of movement. *See, e.g. Commonwealth v. Doe*, 167 A. 241, 242 (Pa.Super. 1933) ("Freedom of locomotion, although subject to proper restrictions, is included in the 'liberty' guaranteed by our Constitution (see article 1, §§ 1, 9)."). However, such right is not without limitation. *See*, *e.g.*, *Commonwealth v. Patchett*, 425 A.2d 798, 800 (Pa.Super. 1981) ("... the legislature, in the proper exercise of its police power, may regulate the use of the highways of the Commonwealth for the purpose of promoting public safety. To accomplish that purpose, the legislature may limit the enjoyment of personal liberty and property.") (citations omitted).

The record herein evinces the trial court did not deprive Appellant of a benefit or subject him to a greater penalty for traveling within the Commonwealth of Pennsylvania; rather, it penalized him for possessing with the intent to deliver a significant amount of heroin in Adams County, a crime to which he pled guilty. A review of the sentencing transcript reveals that Appellant's residence in another county was not the sole extraneous factor that the trial court considered and utilized when sentencing Appellant in the aggravated range; this was merely just one factor among several, including a consideration of Appellant's PSI report and the sentencing guidelines, that led

to his sentence. *See* N.T. Sentencing, 2/5/18, at 2, 9-10. ***Commonwealth v. Downing***, 990 A.2d 788, 794 (Pa.Super. 2010) (stating "where a trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed") (citation and quotation marks omitted)

As the trial court explained in its rule 1925(a) Opinion:

> Instantly, from th[e] presentence investigation report it was learned that the Appellant had four adult arrests with one conviction. The current offense had an offense gravity score of 8 and [Appellant's] prior record score was 0 generating a standard guideline range sentence of 9 to 16. The aggravated range was +9. The presentence investigation report also confirmed the Appellant was a fugitive from justice out of Philadelphia County where he was wanted to stand trial on two separate felony robbery cases with additional charges including burglary of a home with person present, as a felony of the first degree and firearms charges[.]
>
> During the sentencing hearing the [c]ourt was reminded that for the current offense Appellant, who had no known ties to the Adams County area, came to Adams County possessing the relatively large amount of 14 grams of heroin, for the purpose of distributing and selling it in our community. There was no indication that Appellant was an addict in possession of some controlled substance and selling a small portion of his own supply in order to feed his habit. The gravity of Appellant's offense was readily apparent and acknowledged by the Defense.
>
> ***
>
> All factors of the Sentencing Code were considered by this [c]ourt. But in this instance, paramount among those factors, was the need to protect the public and the gravity of the offense. At sentencing the [c]ourt cited the serious nature of the offense and the fact that the Appellant was bringing heroin into this Community from outside to sell it to residents living here within Adams County as the primary reasons this [c]ourt believed a sentence in the aggravated range would be appropriate. The

[c]ourt considered all of the arguments of Defense counsel and the lengthy statement of allocution made by Appellant at the time of sentencing. Despite supposedly having a prior record score of zero Appellant's own statement at sentencing was that he served 31 months in the Philadelphia County Prison plus 9 months on house arrest. According to his own statement, he was on house arrest with electronic monitoring when he absconded Philadelphia County and fled to Adams County. He came to Adams County and began selling heroin for profit. The conclusion to be drawn from the facts of the case is that while the Appellant was a fugitive from Philadelphia County where he was wanted to stand trial on multiple felony armed robbery charges he chose to make his living selling heroin in Adams County.

The reasons articulated by the [c]ourt, in conjunction with the [c]ourt[']s careful consideration of the arguments of counsel and [Appellant's] own statements, clearly reflect this [c]ourt[']s determination that the conduct of the Appellant, in poisoning our Community with a relatively large amount of heroin, warranted a sentence in the aggravated range, and that a local sentence advocated by Defense counsel would not have adequately addressed [Appellant's] rehabilitative needs nor provided adequate protection of the Community.

Trial Court Opinion, filed 3/29/18, at 4-5.

Appellant's arguments to the contrary, the trial court's pointing out at the sentencing hearing that he had no ties to the community, which Appellant admitted, *See* N.T. Sentencing, 2/5/18, at 10, does not equate to an infringement on his "right to travel" within the Commonwealth. Indeed, his right to intrastate travel was qualified by his own criminal conduct, not an arbitrary distinction drawn by the trial court. As we stated above, the trial court explained Appellant's sentence was grounded in its belief that "***anyone*** that has [heroin] in their [sic] possession with intent to deliver is going to be dealt with in the most severe manner. N.T. Sentencing, 2/5/18, at 10 (emphasis added). As such, we find no abuse of discretion.

Judgment of sentence affirmed.

Judge Stabile joins the memorandum.

Judge Shogan files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/18/2018